**WOODS**

v.

**OHIO DEPARTMENT OF REHABILITATION AND CORRECTION et al.**

Court of Claims of Ohio.

No. 95–07741.

Decided Oct. 2, 1997.

*Richard F. Swope,* for plaintiff.

*Betty D. Montgomery,* Attorney General, and *Stephanie D. Pestello–Sharf,* Assistant Attorney General, for defendants.

---

DEAN STRAUSBAUGH, Judge.

The court conducted a bifurcated trial to determine whether defendants, the Ohio Department of Rehabilitation and Correction ("ODRC") and the Office of Risk Management, are liable for injuries suffered by plaintiff, inmate Ronald Lee Woods, while a passenger in an ODRC van.

The incident giving rise to plaintiff's complaint occurred on Neil Avenue in Columbus on July 15, 1993, as Corrections Officer Wendell Boston was transporting plaintiff from the Ohio State University Hospital ("OSUH") to the Orient Correctional Facility ("OCI"). Neil Avenue is composed of five lanes, two northbound and two southbound, with a middle turn lane. Boston and plaintiff were traveling in a 1991 Ford van equipped with a steel barrier directly behind the driver and front passenger seats, and two parallel benches, one along each side of the van where inmates were seated during transport. The benches were not equipped with seat belts.

As Boston traveled at a speed of twenty to twenty-five m.p.h. in the middle southbound lane on Neil Avenue, a vehicle from the middle turn lane darted into his lane of travel. Boston immediately applied the brakes and steered the van into the right southbound lane. The court finds that Boston was operating the van well within the posted thirty-five m.p.h. speed limit. As a result of Boston's sudden braking and steering, plaintiff, who was seated in the rear passenger side of the van, was thrown forward, striking his head and shoulders on the steel barrier behind the driver's compartment. Boston stopped the van, at which time plaintiff positioned himself back onto the seat. When questioned by Boston, plaintiff answered that he was all right. Thereafter, Boston proceeded to OCI, where plaintiff was examined at the infirmary.

In his complaint, plaintiff contends that (1) ODRC failed to comply with R.C. 4513.263, (2) ODRC failed to reasonably care for plaintiff's safety by not

equipping the rear portion of the van with restraining devices, and (3) Boston's operation of the van on the date in question violated Ohio traffic laws.

■ In order to prevail under a theory of negligence, plaintiff must prove by a preponderance of the evidence that defendants owed him a duty, that they breached that duty, and that the breach proximately caused his injuries. *Strother v. Hutchinson* (1981), 67 Ohio St.2d 282, 21 O.O.3d 177, 423 N.E.2d 467. Ohio law imposes a duty of reasonable care upon the state to provide for its prisoners' health, care, and well-being. *Clemets v. Heston* (1985), 20 Ohio App.3d 132, 136, 20 OBR 166, 169–170, 485 N.E.2d 287, 291–292. However, the state is not an insurer of inmate safety. See *Williams v. Ohio Dept. of Rehab. & Corr.* (1991), 61 Ohio Misc.2d 699, 702, 583 N.E.2d 1129, 1131–1132. Accordingly, the question before the court is whether ODRC breached its duty of reasonable care under the circumstances of this case.

■ R.C. 4513.263(B)(2) states that no person shall "operate an automobile on any street or highway unless each passenger in the automobile who is subject to the requirement set forth in division (B)(3) of this section is wearing all of the available elements of a properly adjusted occupant restraining device." R.C. 4513.263(B)(3) states that no person shall "occupy, as a passenger, a seating position on the front seat of an automobile being operated on any street or highway unless he is wearing all of the available elements of a properly adjusted occupant restraining device." It is apparent from the record that plaintiff's position inside the van does not give rise to the requirements set forth in either R.C. 4513.263(B)(2) or (3). Since plaintiff was not in the front seat of the vehicle, it is clear that R.C. 4513.263 does not apply.

■ The court further finds that Boston's operation of the van was neither negligent nor in contravention of reasonable behavior under the circumstances. In the alternative, the court finds that even if Boston's operation of the van violated an Ohio traffic law, such operation did not proximately cause plaintiff's injuries. The court also finds that ODRC's failure to equip its vans with restraining devices does not constitute negligence in contravention of its reasonable duty of care owed to plaintiff. According to Major David Morris, Chief of OCI Security, ODRC vans are not equipped with seat belts because of security concerns. According to Major David Morris, inmates are shackled with handcuffs and leg irons when "in transport" outside a correctional institution. In the absence of evidence indicating otherwise, the court finds that ODRC's failure to provide seat belts for inmates was reasonable because of security concerns associated with inmates in transit.

Upon review of the evidence and the arguments of counsel, the court finds that plaintiff failed to prove by a preponderance of the evidence that (1) ODRC failed

to comply with R.C. 4513.263, (2) Boston operated the van in a negligent manner, and (3) the absence of restraining devices breached that standard of care owed to plaintiff under the circumstances of this case. The court renders judgment in favor of defendants.

*Judgment for defendants.*

DEAN STRAUSBAUGH, J., retired, of the Tenth Appellate District, sitting by assignment.