WOODS, Appellant,

v.

**OHIO DEPARTMENT OF REHABILITATION
AND CORRECTION, Appellee, et al.**

[Cite as *Woods v. Ohio Dept. of Rehab. & Corr.* (1998), 130 Ohio App.3d 742.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 98AP-425.

Decided Dec. 17, 1998.

*Swope & Swope* and *Richard F. Swope,* for appellant.

*Betty D. Montgomery,* Attorney General, and *Stephanie D. Pestello–Sharf,* Assistant Attorney General, for appellee.

---

MASON, Judge.

This cause was initiated in the Ohio Court of Claims on July 14, 1995, by plaintiff-appellant, Ronald Lee Woods, for injuries sustained while appellant was incarcerated by defendant-appellee, Ohio Department of Rehabilitation and Correction. The incident occurred on July 15, 1993, while appellant was being transported from the Ohio State University Hospital in a van operated by Corrections Officer Wendell Boston.

Officer Boston and appellant were traveling in a 1991 Ford van equipped with a steel barrier directly behind the driver and front passenger seats and with two parallel benches, one along each side of the van. Appellant was seated in the rear passenger side of the van, restrained with belly bands, leg irons, and

handcuffs. The benches were not equipped with seat belts. While the van was proceeding down Neil Avenue in the middle southbound lane, a vehicle from the middle turn lane darted into the van's lane of travel. Officer Boston immediately applied the brakes and steered the van into the right southbound lane. As a result of the sudden braking and steering, appellant was thrown forward, striking his head and shoulders on the steel barrier behind the driver's compartment. Officer Boston stopped the van, and appellant positioned himself back onto the seat. When questioned by Officer Boston, appellant answered that he was all right. Thereafter, Officer Boston proceeded to Orient Correctional Institution, where appellant was examined at the infirmary.

Appellant filed a complaint against appellee, alleging negligence. The Court of Claims rendered judgment in appellee's favor on October 2, 1997. The court found that appellee was not negligent in failing to equip its van with restraining devices and that that failure was not in contravention of its reasonable duty of care owed to appellant. The court further found that the lack of seatbelts was for safety reasons, and, in the absence of evidence to the contrary, the court found that appellee's failure to provide seatbelts for inmates was reasonable because of security concerns associated with inmates in transit. *Woods v. Ohio Dept. of Rehab. & Corr.* (1997), 91 Ohio Misc.2d 195, 698 N.E.2d 514.

On appeal, appellant assigns two errors for review:

"Assignment of Error No. 1

"The trial court erred and abused its discretion when it failed to provide the plaintiff–appellant with findings of fact and conclusions of law as requested pursuant to Civ.R. 52, Ohio Rules of Civil Procedure.

"Assignment of Error No. 2

"The trial court erred and abused its discretion by failing to find the defendant–appellant's [*sic*], Department of Rehabilitation and Correction, were [*sic*] negligent in placing plaintiff in handcuffs, belly bands and leg irons in the back of the van which provided no restraints of any type to prevent the inmate from being thrown in and about the van upon the driver being required to make emergency turns or stops."

We will address appellant's assignments of error out of order. In his second assignment of error, appellant asserts that the trial court erred by not finding appellee negligent for failing to provide safety restraints to inmates who are restrained with handcuffs, belly bands, and leg irons. In a claim predicated on negligence, plaintiff bears the burden of proving by a preponderance of the evidence that defendant breached a duty owed to him and that this breach proximately caused the injury. *Strother v. Hutchinson* (1981), 67 Ohio St.2d 282, 285, 21 O.O.3d 177, 179, 423 N.E.2d 467, 469–470. In the context of a custodial

relationship between the state and its prisoners, the state owes a common-law duty of reasonable care and protection from unreasonable risks. *McCoy v. Engle* (1987), 42 Ohio App.3d 204, 207, 537 N.E.2d 665, 668–669.

A determination of what degree of care defendant owed to plaintiff must center on the foreseeability of plaintiff's injuries. *Jeffers v. Olexo* (1989), 43 Ohio St.3d 140, 539 N.E.2d 614. The extent of the duty will also vary with the circumstances. *Clemets v. Heston* (1985), 20 Ohio App.3d 132, 20 OBR 166, 485 N.E.2d 287. However, the state is not an insurer of inmate safety and owes the duty of ordinary care only to inmates who are foreseeably at risk. *McAfee v. Overberg* (1977), 51 Ohio Misc. 86, 5 O.O.3d 345, 367 N.E.2d 942. Reasonable or ordinary care is that degree of caution and foresight that an ordinarily prudent person would employ in similar circumstances. *Smith v. United Properties, Inc.* (1965), 2 Ohio St.2d 310, 31 O.O.2d 573, 209 N.E.2d 142. Furthermore, the special relationship evident between jailer and inmate does not expand or heighten the duty of ordinary reasonable care. *Scebbi v. Ohio Dept. of Rehab. & Corr.* (Mar. 21, 1989), Ct. of Claims No. 87–09439, unreported.

In *McAfee*, plaintiff, a prison inmate, was injured when he fell from a farm wagon hitched to a tractor. The court determined that the state was liable for plaintiff's injuries proximately resulting from the failure of the prison institution to provide a safe and adequate means of transportation to the farm work area at the institution. The court stated:

"From all of the foregoing, the facts and the law focus on the issue of foreseeability. For if the combination of circumstances in this case could have reasonably been foreseen, bearing in mind that the state is not an insurer of possible injuries to inmates in custody, it would be liable. It is a close question to which reasonable minds may have different conclusions. Certainly, plaintiff's injury was not unavoidable. So, the ultimate question is, who should bear the loss, if foreseeability is to be determined in plaintiff's favor. The fact is that plaintiff, as an inmate, is without freedom of choice." *Id.*, 51 Ohio Misc. at 95, 5 O.O.3d at 350, 367 N.E.2d at 947.

Upon review of the evidence, this court agrees with appellant's assertion that appellee was negligent in failing to provide safety restraints to a prisoner while riding in a van, such as the one in the instant case, while restrained in handcuffs, a belly band, and leg irons. Additionally, under the circumstances presented, it was reasonably foreseeable that appellant would encounter a dangerous situation while physically restrained in the back of a van not equipped with safety restraints. Appellant has shown, by a preponderance of the evidence, that appellee breached its duty to him in failing to provide a safe and adequate

means of transportation and that the breach was a direct and proximate cause of his injuries. Appellant's second assignment of error is well taken.

Appellant's first assignment of error is rendered moot by our decision in the second assignment of error and will not be addressed pursuant to App.R. 12(A)(1)(c).

Appellant's second assignment of error is sustained, and appellant's first assignment of error is moot. The judgment of the trial court is reversed, and this cause is remanded for further proceedings consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

JOHN C. YOUNG and TYACK, JJ., concur.