OPINION
{¶ 1} At all relevant times, plaintiff-appellant, Mark Griffin, was an inmate in the custody and control of defendant-appellee, Ohio Department of Rehabilitation and Correction ("appellee" or "ODRC"). On July 2, 2003, appellant was being transported from Mansfield Correctional Institute ("MCI") to the Correctional Medical Center ("CMC") for treatment by a dermatologist. While in transit, appellant was restrained with leg chains and handcuffs that were attached to a belly chain. Appellant contends that while traveling, Corrections Officer Donald Seymour suddenly applied the brakes to avoid an accident with another vehicle and appellant was thrown into the security cage inside the bus. When the bus reached CMC, appellant requested x-rays because of the pain he was experiencing and later returned to MCI.
 {¶ 2} Appellant filed an action in the Court of Claims of Ohio alleging negligence for injuries he received. A magistrate conducted a trial and entered a decision, recommending judgment for appellee. Appellant filed objections but did not file a transcript or an affidavit of the evidence presented to the magistrate, as required by Civ.R. 53(E)(3)(c). The Court of Claims overruled appellant's objections and adopted the magistrate's decision.
 {¶ 3} Appellant filed a notice of appeal, raising the following five assignments of error:
FIRST ASSIGNMENT OF ERROR:
The trial court abused its discretion by failing to review appellant's objections under the common-law standard that was held in the case Woods-vs-Ohio Dept. of Rehabilitation AndCorrections, cited 721 N.E.2d 143 (1998). The reasons for such review is due to the fact the Magistrate Judge had cited this Tenth District Court of Appeals case within his Magistrate decision. The Magistrate Judge and the Judge over the objections should have found the appellant's case and the Woods case are very close related by the facts and circumstance and thereby the defendants had breached the common-law-duty of reasonable care and protection owed to the appellant.
SECOND ASSIGNMENT OF ERROR:
The trial court abused its discretion by failing to invoke its power to uphold the laws of the State of Ohio. The trial court should have found the defendants were violating the Ohio Revised Code under the Ohio Seat Belt Laws. Moreover, in theWoods-vs-Ohio Department of Rehabilitation And Corrections,721 N.E.2d 143, the Tenth District Court found the Department liable for not providing safety belts for inmates in handcuffs, belly bands, and leg irons, while being transported in a prison vehicle, breach of duty and care.
THIRD ASSIGNMENT OF ERROR:
The trial court abused its discretion by holding the appellant to facts that he must have a specific injury to prevail on the negligence claim. The trial court has made a gross error solely because a party can recover for pain and suffering due to a motor vehicle personal injury of pain.
FOURTH ASSIGNMENT OF ERROR:
The trial court abused its discretion by finding that the appellant would have to prove that the driver, Donald Seymour, had collided with an object to prevail on a claim of negligence.
FIFTH ASSIGNMENT OF ERROR:
The trial court abused its discretion by not addressing every issue submitted within the appellant's objections. The trial court has failed to review the issue of Woods-vs-Ohio Departmentof Rehabilitation And Corrections, 721 N.E. 2d 143. Fact is, the Magistrate Judge failed to fully give the facts and outcome of the Woods case when the Magistrate cited the case within the Magistrate's decision. The trial Court just simply failed to address the issue thereby failing to give facts and findings of law. There is no need for transcript, pre-hearing settlementconference. Requested [sic].
 {¶ 4} The assignments of error are related and shall be addressed together. By the first assignment of error, appellant contends that the trial court abused its discretion in failing to review his objections, particularly in light of Woods v. OhioDept. of Rehab. Corr. (1998), 130 Ohio App.3d 742. By the second assignment of error, appellant contends that the court should have found appellees violated the seatbelt laws, particularly in light of Woods. By the third and fourth assignments of error, appellant contends that the trial court abused its discretion in finding that he must prove he had a specific injury and that the driver collided with an object. By the fifth assignment of error, appellant contends that the trial court abused its discretion by not addressing every issue raised in his objections.
 {¶ 5} In State ex rel. Duncan v. Chippewa Twp. Trustees
(1995), 73 Ohio St.3d 728, 730, the Supreme Court of Ohio held that:
When a party objecting to a [magistrate's decision] has failed to provide the trial court with the evidence and documents by which the court could make a finding independent of the [decision], appellate review of the court's findings is limited to whether the trial court abused its discretion in adopting the [magistrate's decision.] * * *
Thus, our review of appellant's assignments of error is limited to whether the Court of Claims abused its discretion in applying the law to the magistrate's findings of fact. H.L.S. Bonding Co.v. Fox, Franklin App. No. 03AP-150, 2004-Ohio-547. In order to find that the trial court abused its discretion, we must find more than an error of law or judgment. An abuse of discretion implies that the court's attitude is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219. Most instances of an abuse of discretion result in decisions that are unreasonable as opposed to arbitrary and capricious. AAAA Enterprises, Inc. v. River Place CommunityUrban Redevelopment Corp. (1990), 50 Ohio St.3d 157. A decision that is unreasonable is one that has no sound reasoning process to support it.
 {¶ 6} At the trial regarding liability and civil immunity, the magistrate found that appellant failed to prove by a preponderance of sufficient, credible evidence that ODRC was negligent. Further, the magistrate found that the medical evidence did not support appellant's claim that he was injured while riding in appellee's bus. Finally, the magistrate determined that Corrections Officer Seymour did not act manifestly outside the scope of his employment, with malicious purpose, in bad faith or in a wanton or reckless manner and was, therefore, entitled to civil immunity.
 {¶ 7} In his objections, appellant argued that seven of the magistrate's findings were in error. He objected to the finding that Corrections Officer Seymour did not act in bad faith and argued that the findings regarding the operation of the bus were not supported by the testimony. Appellant also objected to the following findings: that the bus needed to collide with an object; that appellant needed a specific injury; that appellant needed to prove appellee owed a duty and breached that duty; that Corrections Officer Seymour was entitled to civil immunity and that there was not a violation of the seatbelt law.
 {¶ 8} To resolve appellant's objections, the Court of Claims needed to examine the evidence presented at trial before the magistrate. In the absence of a transcript, the Court of Claims could not have determined whether the evidence presented to the magistrate supported the magistrate's findings. Therefore, "`the trial court was required to accept the magistrate's findings of fact and examine only the legal conclusions based on those facts.'" DAK, PLL v. Borgerding, Franklin App. No. 02AP-1051, 2003-Ohio-3342, at ¶ 9, quoting Galewood v. Terry Lumber SupplyCo. (Mar. 6, 2002), Summit App. No. 20770.
 {¶ 9} The Court of Claims overruled appellant's objections to the magistrate's factual findings since appellant did not file a transcript. The Court of Claims also addressed appellant's objections based upon the magistrate's application of the law, specifically the magistrate's decision that a violation of R.C.4511.21 requires a showing that a driver collided with an object; the finding that appellant must prove a specific injury in order to prevail; and that to prevail on a negligence claim, appellant had to prove that appellees owed him a duty and breached that duty. The Court of Claims overruled appellant's objections finding that the magistrate applied the correct legal standards. We find no abuse of discretion.
 {¶ 10} The Court of Claims addressed appellant's concern that the Office of Risk Management failed to make an appearance and finally, appellant's objection to the magistrate's failure to apply the Ohio seatbelt laws. The Court of Claims noted that the magistrate's decision did not discuss seatbelts, and in the absence of a transcript of the evidence, the court was unable to determine whether the seatbelt law was applicable to this case. Although appellant argues in his assignments of error that the court erred in failing to address his objections and properly apply Ohio laws, the Court of Claims did address the objections to the extent permissible without a transcript of the evidence to review. Without a transcript, neither the Court of Claims nor this court can determine the applicability of the seatbelt laws and/or Woods, supra, to these facts. Thus, appellant's assignments of error are not well-taken.
 {¶ 11} For the foregoing reasons, appellant's five assignments of error are overruled and the judgment of the Court of Claims of Ohio is affirmed.
Judgment affirmed.
 BROWN and McGRATH, JJ., concur.