[Cite as *Hoffmeyer v. Ohio Dept. of Rehab. & Corr.*, 2010-Ohio-1529.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

SAMUEL D. HOFFMEYER

    Plaintiff

    v.

OHIO DEPARTMENT OF REHABILITATION AND CORRECTION

    Defendant
    Case No. 2009-05021

Judge Clark B. Weaver Sr.
Magistrate Matthew C. Rambo

DECISION

{¶ 1} On January 19, 2010, defendant filed a motion for summary judgment pursuant to Civ.R. 56(B). Plaintiff did not file a response. The motion is now before the court on a non-oral hearing pursuant to L.C.C.R. 4(D).

{¶ 2} Civ.R. 56(C) states, in part, as follows:

{¶ 3} "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to

have the evidence or stipulation construed most strongly in the party's favor." See also *Gilbert v. Summit County*, 104 Ohio St.3d 660, 2004-Ohio-7108, citing *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317.

{¶ 4} At all times relevant, plaintiff was an inmate in the custody and control of defendant at the Richland Correctional Institution (RiCI) pursuant to R.C. 5120.16. Plaintiff alleges that on April 22, 2009, he alerted defendant's staff that he was experiencing severe abdominal pain and that he wished to go to the infirmary. Plaintiff alleges that in order to do so, he was required by defendant's corrections officers (COs) to leave his cell on the upper range of his housing unit and use the stairs without assistance. Plaintiff states that he collapsed while descending the stairs and suffered injury to his lower back and groin as a result. Plaintiff asserts that defendant's staff was negligent in ordering him to negotiate a flight of stairs without assistance when he was in medical distress. Defendant argues that assistance was available to plaintiff, but that he did not request it.

{¶ 5} In support of its motion, defendant filed the affidavit of Corrections Officer (CO) Jamerson, wherein he states:

{¶ 6} "1. I am currently employed as a full time [CO], and have been since October 15, 1998, by [defendant] at [RiCI];

{¶ 7} "2. I have personal knowledge, and I am competent to testify to the facts contained in this Affidavit;

{¶ 8} "3. On April 23, 2009[1], I was working as the third shift Yard Officer;

{¶ 9} "4. My responsibilities as Yard Officer for that shift included maintaining security in Yard Five area of the Institutional Compound and completing tasks assigned by the Shift Captain;

{¶ 10} "5. At approximately 1:00 a.m., I received notice that [CO] Feltner, who was working as the Unit 1 Upper Dorm Officer, was releasing [plaintiff] from the dorm so that he could go to the infirmary;

{¶ 11} "6. When an inmate in the dorm requests to go to the infirmary he may request additional assistance that is available to him: 1) he may request to be taken by

---

[1]While plaintiff alleges that the incident occurred on April 22, 2009, and CO Jamerson states that the events occurred on April 23, 2009, the discrepancy is immaterial and most likely results from plaintiff falling at 1:00 a.m.

the red baron, [RiCI's] ambulance, if he feels he cannot walk to the infirmary; or 2) he may request assistance from the qualified red cross inmates to help him if he does not feel he can walk;

{¶ 12} "7.   If the inmate does not request additional assistance the Yard Officer will meet the inmate outside of the dorm to escort him across the yard to the infirmary;

{¶ 13} "8.   Unit 1 Upper Dorm has two sets of stairs separated by a landing;

{¶ 14} "9.   When [plaintiff] walked out of Unit 1 Upper Dorm, I was waiting at the bottom of the steps to escort him to the infirmary;

{¶ 15} "10. [Plaintiff] did not request any additional assistance from me to help him negotiate the steps;

{¶ 16} "11. I witnessed [plaintiff] negotiate the first set of stairs without any problems or complaints;

{¶ 17} "12. When [plaintiff] reached the second set of steps he did not request any additional assistance, however when he attempted to negotiate the second set of stairs he fell forward, continuing to hold onto the stairs' railing, he came to rest two steps below his original step;

{¶ 18} "13. At that time I ran up the steps to assist him, and [CO] Keener also came to [plaintiff's] assistance;

{¶ 19} "14. Together, on each side of [plaintiff], [CO] Keener and I assisted [plaintiff] down the remaining steps;

{¶ 20} "15. When we reached the bottom, the red baron was there to take [plaintiff] to the infirmary so he would not have to walk any further."

{¶ 21} In order for plaintiff to prevail upon his claim of negligence, he must prove by a preponderance of the evidence that defendant owed him a duty, that defendant's acts or omissions resulted in a breach of that duty, and that the breach proximately caused his injuries. *Armstrong v. Best Buy Co., Inc.*, 99 Ohio St.3d 79, 81, 2003-Ohio-2573, citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St.3d 75, 77. Ohio law imposes upon the state a duty of reasonable care and protection of its inmates. *McCoy v. Engle* (1987), 42 Ohio App.3d 204, 207-208. Reasonable care is defined as the degree of caution and foresight that an ordinarily prudent person would employ in similar circumstances. *Woods v. Ohio Dept. of Rehab. & Corr.* (1998), 130 Ohio App.3d

742, 745. The state is not an insurer of inmates' safety, however. *Moore v. Ohio Dept. of Rehab. & Corr.* (1993), 89 Ohio App.3d 107, 112. Additionally, plaintiff is required to exercise a reasonable degree of care to ensure his own safety. See *Rose v. Ohio Dept. of Rehab. & Corr.*, Franklin App. No. 04AP-1360, 2005-Ohio-3935, ¶9.

{¶ 22} Civ.R. 56(E) states, in part, as follows:

{¶ 23} "When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the party does not so respond, summary judgment, if appropriate, shall be entered against the party."

{¶ 24} As previously stated, plaintiff did not respond to defendant's motion. Based upon the undisputed affidavit testimony presented by defendant, the court finds that plaintiff failed to take the necessary steps to ensure his own safety. Specifically, the court finds that assistance was readily available to plaintiff, that he did not avail himself of it, and that he suffered injury as a result. Therefore, the court finds that defendant is entitled to judgment as a matter of law. Accordingly, defendant's motion for summary judgment shall be granted and judgment shall be rendered in favor of defendant.

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

SAMUEL D. HOFFMEYER

    Plaintiff

    v.

OHIO DEPARTMENT OF REHABILITATION AND CORRECTION

Defendant
 Case No. 2009-05021

Judge Clark B. Weaver Sr.
Magistrate Matthew C. Rambo

<u>JUDGMENT ENTRY</u>


        A non-oral hearing was conducted in this case upon defendant's motion for summary judgment.   For the reasons set forth in the decision filed concurrently herewith, defendant's motion for summary judgment is GRANTED and judgment is rendered in favor of defendant.   Court costs are assessed against plaintiff.   The clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.


                                        _____
                                        CLARK B. WEAVER SR.
                                        Judge


cc:


Kristin S. Boggs                        Samuel D. Hoffmeyer, #A523-843
Assistant Attorney General              Richland Correctional Institution
150 East Gay Street, 18th Floor         1001 Olivesburg Road
Columbus, Ohio 43215-3130               Mansfield, Ohio 44905

MR/cmd
Filed March 16, 2010
To S.C. reporter April 5, 2010