[Cite as *Taylor v. Ohio Dept. of Rehab. & Corr.*, 2011-Ohio-5325.]



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

HARLIN TAYLOR

     Plaintiff

     v.

OHIO DEPARTMENT OF REHABILITATION AND CORRECTION

     Defendant        Case No. 2009-02821

Judge Clark B. Weaver Sr.
Magistrate Anderson M. Renick

MAGISTRATE DECISION

{¶1} Plaintiff brought this action alleging negligence. The issues of liability and damages were bifurcated and the case proceeded to trial on the issue of liability.

{¶2} At all times relevant, plaintiff was an inmate in the custody and control of defendant at the London Correctional Institution (LCI) pursuant to R.C. 5120.16. On October 19, 2008, plaintiff fell from the top bunk in his cell and suffered injuries to his neck and head. Plaintiff testified that he is an insulin-dependent diabetic and that prior to arriving at LCI on September 16, 2008, he was incarcerated at the Correctional Reception Center (CRC) where he had been issued both a special diet card and a lower bunk restriction. (Plaintiff's Exhibit 1.) According to plaintiff, when he arrived at LCI he was informed that his restrictions from CRC would not be honored and that lower bunk restrictions were provided only to inmates with serious medical conditions such as heart disease or insulin-dependent diabetes. Plaintiff recalled being examined by a nurse on that same day, but "nothing happened." (Plaintiff's Exhibit 2.) Plaintiff's medical records from September 16, 2008, show that he was examined by a member of the LCI medical

staff who made the notation "B.B." However, plaintiff offered no testimony as to who conducted the examination or what the notes taken as a result of the examination indicate. (Plaintiff's Exhibit 6.) Plaintiff admitted that he did not file any written grievance, but stated that he orally complained to LCI staff about not being issued a lower bunk restriction. Plaintiff asserts that defendant was negligent in not providing him with a lower bunk restriction prior to his fall.

{¶3} In order for plaintiff to prevail upon his claim of negligence, he must prove by a preponderance of the evidence that defendant owed him a duty, that defendant's acts or omissions resulted in a breach of that duty, and that the breach proximately caused his injuries. *Armstrong v. Best Buy Co., Inc.*, 99 Ohio St.3d 79, 81, 2003-Ohio-2573, citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St.3d 75, 77. Ohio law imposes upon the state a duty of reasonable care and protection of its inmates. *McCoy v. Engle* (1987), 42 Ohio App.3d 204, 207-208. Reasonable care is defined as the degree of caution and foresight that an ordinarily prudent person would employ in similar circumstances. *Woods v. Ohio Dept. of Rehab. & Corr.* (1998), 130 Ohio App.3d 742, 745. The state is not an insurer of inmates' safety, however. *Moore v. Ohio Dept. of Rehab. & Corr.* (1993), 89 Ohio App.3d 107, 112.

{¶4} Corrections Officer (CO) Marcia Shaffer was posted to plaintiff's housing unit at the time he fell. Shaffer testified that she did not recall plaintiff complaining to her about either his diet card or a bunk restriction. Shaffer stated that she was not authorized to make bed assignments or to issue bunk restrictions. According to Shaffer, defendant's policy requires COs to contact the medical department about a bunk restriction whenever an inmate complains about such a restriction. Jonathan Young testified that he was also a CO in plaintiff's housing unit at the time of the fall and that he recognized plaintiff from his time at LCI. However, Young did not recall plaintiff complaining about a bunk restriction. Corrections Sergeant David Davis testified that he was posted to plaintiff's housing unit at the time of the incident, but that he did not recall having any contact with plaintiff prior to his fall.

{¶5} Although plaintiff testified that he complained to defendant's staff that he was entitled to a bunk restriction, he failed to prove that he was issued such a restriction at LCI. Furthermore, based upon the testimony of Shaffer, Young, and Davis, the court finds that plaintiff did not notify staff in his housing unit that he was entitled to a lower bunk restriction prior to his fall.

{¶6} Plaintiff is required to exercise a reasonable degree of care to ensure his own safety. See *Rose v. Ohio Dept. of Rehab. & Corr.*, Franklin App. No. 04AP-1360, 2005-Ohio-3935, at ¶9. The court finds that by not following the grievance procedure to apply for a lower bunk restriction, plaintiff failed to exercise reasonable care for his own safety, and this lack of notification was the sole proximate cause of plaintiff's injuries.

{¶7} Based upon the foregoing, the court finds that plaintiff failed to provide sufficient evidence to establish his claims that defendant was negligent in not providing him with a lower bunk restriction. Accordingly, judgment is recommended in favor of defendant.

{¶8} *A party may file written objections to the magistrate's decision within 14 days of the filing of the decision, whether or not the court has adopted the decision during that 14-day period as permitted by Civ.R. 53(D)(4)(e)(i). If any party timely files objections, any other party may also file objections not later than ten days after the first objections are filed. A party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion within 14 days of the filing of the decision, as required by Civ.R. 53(D)(3)(b).*

_____
ANDERSON M. RENICK
Magistrate

cc:

Jennifer A. Adair                      Richard F. Swope
Assistant Attorney General             6480 East Main Street, Suite 102
150 East Gay Street, 18th Floor        Reynoldsburg, Ohio 43068
Columbus, Ohio 43215-3130

MR/dms
Filed August 31, 2011
To S.C. reporter October 13, 2011