[Cite as *Rogowski v. Barnes*, 2018-Ohio-1598.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Stanley Rogowski, | : | |
| Plaintiff-Appellant, | : | |
| | | No. 17AP-119 |
| v. | : | (C.P.C. No. 16CV-189) |
| David Barnes, et al., | : | (REGULAR CALENDAR) |
| Defendants-Appellees. | : | |

D E C I S I O N

Rendered on April 24, 2018

**On brief:** *Sanjay K. Bhatt*, for appellant. **Argued:** *Sanjay K. Bhatt.*

**On brief:** *Joseph & Joseph Co., LPA*, and *Courtney L. Hanna*, for appellees. **Argued:** *Courtney L. Hanna.*

APPEAL from the Franklin County Court of Common Pleas

BRUNNER, J.

{¶ 1} Plaintiff-appellant, Stanley Rogowski, appeals from a decision of the Franklin County Court of Common Pleas entered on December 1, 2016, granting the motion for summary judgment of defendants-appellees, David Barnes and Manuela Barnes ("Manuela") (collectively "the Barnes"), against Rogowski's claim to certain real property under the doctrines of acquiescence and adverse possession. Because we find that the trial court did not abuse its discretion in granting summary judgment, we affirm.

I. FACTS AND PROCEDURAL BACKGROUND

{¶ 2} This is a 2016 refiled case which Rogowski originally filed in 2012 and was dismissed without prejudice for want of prosecution. All pleadings and decisions in the record were filed in 2016.

{¶ 3} Rogowski and the Barnes own adjacent single-family homes in Dublin, Ohio. Rogowski owns and occupies the real property located at 2925 West Case Road, and the Barnes own and occupy the real property located at 2917 Case Road West (or West Case Road) ("the Barnes' property"). The backyard of each property is fenced; a chain-link fence was erected between the two properties in 1980 by the then-owner of the Barnes' property, approximately two feet into the Barnes' backyard. The record indicates that Rogowski filed his original action in 2012, when the Barnes began to relocate the fence closer to the boundary line between the two properties.

{¶ 4} Rogowski alleges that he had acquired title to the section of the Barnes' property located on his side of the fence under the doctrines of acquiescence and adverse possession and demands a judgment declaring that the fence erected in 1980 is now the boundary line between the two properties. Rogowski states in his complaint that "[t]he then owner of the property placed the fence there knowing where the property line was, for aesthetic reasons." (Jan. 8, 2016 Compl. at ¶ 4.) Rogowski argues that, since the fence was erected, he had "exclusive possession and open, notorious, continuous, and adverse use of the property at issue * * * for a period of over twenty-one years (thirty-two years), so as to acquire title by adverse possession." *Id.* at ¶ 7. Rogowski contends the Barnes have trespassed onto his property by moving the fence "into" his property. *Id.* at ¶ 22.

{¶ 5} The Barnes counterclaimed against Rogowski, seeking quiet title to this property against any claim or interest of Rogowski.[1]

{¶ 6} On April 6, the Barnes filed a motion for summary judgment against Rogowski, arguing his claims fail for several reasons, including the following:

> (1) [Rogowski] signed a **SWORN** Declaration of Restrictive Covenant on October 16, 2011, notarized by his girlfriend, and filed with the Franklin County Recorder, which specifically admits that [the Barnes] own the property that [Rogowski] is now claiming he owns; (2) [Rogowski] has admitted that the fence was placed where it was for aesthetic reasons only, and, therefore, is not for the purpose of changing the boundary lines; (3) [Rogowski's] use of the property was with the permission of [the Barnes] and the prior owners and was therefore not adverse; (4) [the Barnes] cannot trespass against their own property; (5) [Rogowski] has failed to state a claim

---

[1] The Barnes simultaneously cross-claimed against the former owners from whom they had purchased the property.

upon which relief can be granted; and (6) the fence has already been moved as close as possible to the boundary line with consideration of the existing telephone easement.

(Emphasis sic.) (Apr. 6, 2016 Defs.' Mot. for Summ. Jgmt. at 2.)

{¶ 7}    The Barnes submitted in support of their motion the affidavits of Jeffrey H. Franklin and Judith A. Franklin ("the Franklins"), the previous owners of the Barnes' property who had erected the fence in 1980.  The Franklins' testimony refuted Rogowski's claims of acquiescence and adverse possession derived from the location of the fence.  The Franklins testified that they had maintained the fence and the surrounding property, that the fence never was treated as the boundary with Rogowski's property, that they never intended to cede to Rogowski ownership of their property on Rogowski's side of the fence, that they never had any discussions with Rogowski regarding the property line, and that they had had not agreed, consented, thought, or otherwise acquiesced "in any way, that the location of the fence was the property line between the two properties."  *Id.* at 4.  The Franklins also testified that Rogowski never engaged in landscaping, planted any greenery, built any structures or permanent fixtures, paid any real estate tax, or maintained insurance for the property on his side of the fence.

{¶ 8}    The Barnes also provided the affidavit of Manuela in which she testified in part as follows:

> 4. On October 16, 2011, I was provided by [Rogowski] a **SWORN** Declaration of Restrictive Covenant which was filed with the Franklin County Recorder, which was "to assure the creation of a utility easement and right of access for sewer utility purposes on [Rogowski's] property for the benefit of my property. [Rogowski] signed this Declaration of Restrictive Covenant stating that he is the owner of the property located at 2925 West Case Rd., Dublin, Ohio, Parcel Number 590-164580-00, which is .459 acres that I own the Property located 2917 Case Road West, Dublin, Ohio, 43017, Parcel Number 590-164581-00, which is .470 acres. Attached to the Declaration of Restrictive Covenant as an Exhibit is a survey which shows [Rogowski's] property and my property. Such survey shows my property is inclusive of the property in which [Rogowski] is now claiming is his.

(Emphasis sic.) (M. Barnes Aff. at ¶ 4, attached to Defs.' Mot. For Summ. Jgmt.)  Manuela testified further that Rogowski had mowed the grass on his side of the fence with the Barnes'

permission but did not take any action indicating that he considered himself to be the owner of the property on his side of the fence. Manuela specifically noted that Rogowski has not landscaped, planted, or built on, nor paid any real estate tax or maintained insurance for, the property on his side of the fence.

{¶ 9} On April 20, Rogowski filed a motion for an extension of time to respond to the Barnes' motion for summary judgment, specifically requesting a new response date of May 9, due to his counsel's "press of business." (Apr. 20, 2016 Pl.'s Mot. For Extension of Time at 1.) On April 26, the trial court granted in part Rogowski's request for an extension of time, giving him until May 3 to file his response to the Barnes' motion. On May 3, Rogowski filed a memorandum contra the motion for summary judgment, combined with a motion for an additional extension of time until May 10 to supplement his response. Rogowski's motion indicated, unbeknownst to his counsel, Rogowski had been out of the country since April 30 and was not scheduled to return until May 9. Rogowski's motion further stated:

> Neither [Rogowski] nor his counsel want to test the Court's patience in this matter. However, under the circumstances, the undersigned counsel submits that justice will be denied without granting the additional time, until May 10th to supplement the memo contra, including providing an additional affidavit from [Rogowski].

(May 3, 2016 Pl.'s Mot. And Memo. Contra at 2-3.)

{¶ 10} The Barnes timely filed a reply opposing Rogowski's motion for an additional extension of time and his memorandum contra the motion for summary judgment. The Barnes argued, contrary to Rogowski's assertions, the motion for summary judgment contained new information, most notably Rogowski's sworn Declaration of Restrictive Covenant dated October 16, 2011 and subsequently filed with the Franklin County Recorder ("Restrictive Covenant"), in which Rogowski acknowledged the property lines as indicated in the motion for summary judgment. The Barnes argued further that Rogowski could not deny his own sworn and recorded admission, which, coupled with the remainder of arguments in their motion for summary judgment, provided no genuine issue of material fact and thus entitled them to summary judgment.

{¶ 11} On May 11, Rogowski filed a motion for leave to file his affidavit to supplement his memorandum contra the motion for summary judgment. Rogowski's

motion indicated that he had been unable to communicate with his counsel and finalize his affidavit while out of the country. On May 16, the Barnes filed a memorandum contra Rogowski's May 11 motion, combined with a motion to strike Rogowski's affidavit. The record before us indicates that Rogowski did not oppose the motion to strike his affidavit.

{¶ 12} The trial court, having considered all memoranda submitted, issued its ruling on the four pending motions on December 1, 2016. The trial court first reviewed Civ.R. 56(C)'s provision of summary judgment as a procedural device to terminate litigation when there is no need for a formal trial. The trial court discussed the rule's mandates and the case law governing the application of those mandates. In that context, the trial court proceeded to address Rogowski's motions for an additional extension of time and for leave to file his affidavit to supplement, which it found not well-taken, as well as the Barnes' motion to strike Rogowski's affidavit, which it found well-taken. The trial court denied Rogowski's motions and granted the Barnes' motion to strike, reasoning as follows:

> The Court has come to its conclusion on these three motions not because the Court wishes to draw a line in the sand regarding the point at which no more extensions should be permitted. Rather, it is for the same reason as the Court finds the motion of [the Barnes] for summary judgment meritorious as is next explained; that is, because nothing [Rogowski] could further provide can refute that which is already in evidence via the affidavit of Defendant Manuela Barnes ("Manuela Barnes Affidavit") – that is, [Rogowski's] own previous sworn admission pertaining to the property in dispute in this matter.
>
> In their motion for summary judgment, [the Barnes] point out that on October 16, 2011 the parties involved in the instant matter had entered into a Declaration of Restrictive Covenant creating a sewer utility easement and right of access on [Rogowski's] property for the benefit of [the Barnes'] property (the "Restrictive Covenant"). [Rogowski] signed the Restrictive Covenant under oath and it was recorded with the Franklin County Recorder's office. Significantly, the Restrictive Covenant includes a survey showing the parties' respective properties and show [the Barnes'] property as including the property which [Rogowski] now claims is his. (See Manuela Barnes Affidavit). Essentially, [the Barnes] argue that because [Rogowski] has previously gone on the record as admitting that the property to which he now seeks title was owned by [the Barnes], he cannot avoid summary judgment in favor of [the Barnes] by now attempting to assert otherwise. The Court agrees.

> The Tenth District Court of Appeals has held that when reviewing a motion for summary judgment, "a non-movant's own self-serving assertions, whether made in an affidavit, deposition, or interrogatory responses, cannot defeat a well-supported summary judgment when not corroborated by any outside evidence." *White v. Sears*, 10th Dist. No. 10AP-294, 2011-Ohio-204, ¶ 9 (citations omitted). Here, [the Barnes] have presented to this Court a well-supported motion for summary judgment by providing irrefutable evidence of [Rogowski's] previous sworn and recorded admission that the property to which he now lays claim is owned by [the Barnes]. Not only is [Rogowski] simply unable to corroborate with outside evidence anything he might say to the contrary at this point, but this evidence – i.e., that of the Restrictive Covenant – wholly and completely corroborates the opposite. Therefore, there are no genuine issues of material fact left for trial and [the Barnes] are entitled to judgment as a matter of law.

(Dec. 1, 2016 Decision and Order at 4-5.) Finding that no genuine issues of material fact existed in this matter, the trial court granted the Barnes' motion for summary judgment.

{¶ 13} Rogowski now appeals the decision of the trial court granting summary judgment to the Barnes, denying his motions for an additional extension of time, and for leave to file his own affidavit to supplement his memorandum contra the motion for summary judgment.

## II. ASSIGNMENTS OF ERROR

{¶ 14} Rogowski presents for our review two assignments of error:

> 1. The trial court erred to the prejudice of Appellant in granting Appellees Barnes' motion for summary judgment.

> 2. The trial court erred by denying Appellant's request for an extension of time and for leave to supplement the memorandum contract [sic] with an affidavit.

## III. LAW AND DISCUSSION

### A. Standard of Review

{¶ 15} The trial court resolved Rogowski's complaint by summary judgment after orders were entered resolving discovery differences between the parties.

> Appellate review of summary judgment motions is de novo. *Helton v. Scioto Cty. Bd. of Commrs.* (1997), 123 Ohio App. 3d 158, 162, 703 N.E.2d 841. When reviewing a trial court's decision granting summary judgment, we conduct an

> independent review of the record, and the appellate court "stands in the shoes of the trial court." *Mergenthal v. Star Banc Corp.* (1997), 122 Ohio App. 3d 100, 103, 701 N.E.2d 383.

*Rose v. Ohio Dept. of Rehab. &* Corr., 173 Ohio App.3d 767, 2007-Ohio-6184, ¶ 18 (10th Dist.).

{¶ 16}    Thus, when reviewing an appeal of an order granting a motion for summary judgment, this Court uses the same standard of review as the trial court. *Freeman v. Brooks*, 154 Ohio App.3d 371, 2003-Ohio-4814, ¶ 6 (10th Dist.), citing *Maust v. Bank One of Columbus, N.A.*, 83 Ohio App.3d 103, 107 (10th Dist.1992), *jurisdictional motion overruled*, 66 Ohio St.3d 1488 (1993).

{¶ 17}    Civ.R. 56(C) requires that:

> Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Civ.R. 56 has been described as a means to facilitate the early assessment of the merits of claims, to foster pre-trial dismissal of meritless claims, and to define and narrow issues for trial. *Telecom Acquisition Corp. I v. Lucic Ents.*, 8th Dist. No. 102119, 2016-Ohio-1466, ¶ 92. *See also Kulch v. Structural Fibers, Inc.*, 78 Ohio St.3d 134, 170 (1997) (Cook, J., concurring in part and dissenting in part). As such, summary judgment is a procedural device designed to promote judicial economy and to avoid needless trials.

> The goal of a motion for summary judgment is to narrow the issues in a case to determine which, if any, should go to trial. " 'The purpose of summary judgment is not to try issues of fact, but is, rather, to determine whether triable issues of fact exist.' " *State ex rel. Anderson v. The Village of Obetz*, 10th Dist. No. 06AP-1030, 2008-Ohio-4064, ¶ 64, quoting *Lakota Local School Dist. Bd. of Edn. v. Brickner*, 108 Ohio App.3d 637, 643, 671 N.E.2d 578 (1996) (citations omitted.)

*Thevenin v. White Castle Mgmt. Co.*, 10th Dist. No. 15AP-204, 2016-Ohio-1235, ¶ 45 (Brunner, J., concurring). Thus, a party seeking summary judgment on the grounds that a nonmoving party cannot prove its case bears the initial burden of informing the trial court of the basis for the motion and must identify those parts of the record which demonstrate

the absence of a genuine issue of material fact on the elements of the nonmoving party's claims. *Drescher v. Burt*, 75 Ohio St.3d 280, 292-93 (1996).

{¶ 18} If the moving party has satisfied its initial burden, the burden shifts to the nonmoving party to set forth specific facts showing there is a genuine issue for trial. If the nonmoving party does not respond, summary judgment, if otherwise appropriate, shall be entered against the nonmoving party. *Id.* The nonmoving party may not rest on the mere allegations or denials of his or her pleadings, but must respond with specific facts showing there is a genuine issue for trial. Civ.R. 56(E); *Drescher* at 293.

{¶ 19} As with summary judgment, discovery is also a process whereby issues are narrowed for trial. *See, e.g., Tucker v. Cleveland Bd. of Edn.*, 8th Dist. No. 43889 (Jan. 10, 1983). Trial court discovery orders allow the trial court to facilitate discovery "to narrow the issues prior to trial, so that the trial itself would not become the primary vehicle for discovery." *Id.*

{¶ 20} Civ.R. 56(F) provides that, when a party cannot for sufficient reasons stated by affidavit present facts essential to justify the party's opposition to summary judgment, the trial court may deny summary judgment or order a continuance to permit discovery. *See Bank of Am. NA v. Omega Design/Build Group, LLC*, 1st Dist. No. C-100018, 2011-Ohio-1650, ¶ 10, 40.

{¶ 21} An appellate court must review a trial court's disposition of discovery issues according to whether the trial court abused its discretion. *Carpenter v. Reis*, 109 Ohio App.3d 499, 507 (6th Dist.1996), citing *Toney v. Berkemer*, 6 Ohio St.3d 455 (1983). "A trial court's decision on discovery issues is within its broad discretion, and the decision will not be reversed absent an abuse of such discretion." *Safelite Glass Corp. v. Kagy*, 10th Dist. No. 99AP-875 (June 1, 2000). When reviewing a trial court's discovery decisions, for a court of appeals to reverse a trial court decision it must find more than an error of judgment, but rather a decision that connotes that it is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). A decision that is unreasonable is one that has no sound reasoning process to support it. *Griffin v. Dept. of Rehab. & Corr.*, 10th Dist. No. 05AP-858, 2006-Ohio-5206, ¶ 5. A reviewing court applying the abuse of discretion standard may not otherwise substitute its judgment for that of the trial court. *Berk v. Matthew*, 53 Ohio St.3d 161, 169 (1990).

## B. First Assignment of Error

{¶ 22} Rogowski asserts that the trial court erroneously relied on the Restrictive Covenant "as somehow providing information 'opposite' or contrary to the statements in Rogowski's affidavit is misplaced and wrong." (Rogowski's Brief at 28.) He revives his claims under the doctrines of acquiescence and adverse possession as evidence "that there remain genuine issues of material fact that must be resolved at trial." *Id.* Rogowski claims that the Restrictive Covenant neither corroborates the Barnes' position or his, nor contradicts the allegations contained in the complaint or the affidavit he submitted to supplement his memorandum contra the motion for summary judgment. We disagree.

{¶ 23} The trial court dealt with this matter based on the evidence presented. It found the Barnes had presented a well-supported motion for summary judgment by providing irrefutable evidence of Rogowski's previous sworn and recorded admission that the disputed property to which he now lays claim is owned by the Barnes. The trial court further found the existence of the Restrictive Covenant renders Rogowski "unable to corroborate with outside evidence anything he might say to the contrary at this point." (Dec. 1, 2016 Decision and Order at 5.) Having independently reviewed the record, we find the trial court properly found there to be no genuine issues of material fact left for trial, and the Barnes are entitled to judgment as a matter of law. We thus overrule Rogowski's first assignment of error.

## C. Second Assignment of Error

{¶ 24} Rogowski argues the trial court abused its discretion in denying him an additional extension of time and for leave to file his affidavit to supplement his memorandum contra the Barnes' motion for summary judgment. Again, we disagree.

{¶ 25} Rogowski sought leave to file his affidavit supplementing his memorandum contra after a response date that already had been extended once. It was within the trial court's sound discretion whether to grant Rogowski's request for yet additional time. *Omega Design/Build Group* at ¶ 10, 40.

{¶ 26} The trial court denied Rogowski's request for extension for the same reason it found the Barnes' motion for summary judgment meritorious; that is, because Rogowski could not provide anything to refute the evidence provided via Manuela's affidavit, which included the survey indicating the property lines as described in the motion for summary judgment and the Restrictive Covenant containing Rogowski's own previous sworn and

recorded admission that the property in dispute belonged to the Barnes. The trial court decided consistent with Civ.R. 56(F) that Rogowski could not, for sufficient reasons stated by affidavit, present facts essential to justify his opposition to summary judgment.

{¶ 27} Having independently reviewed the record, we find the trial court did not abuse its discretion in denying Rogowski's request for an additional extension of time and for leave to file his affidavit to supplement his response to the Barnes' motion for summary judgment, and we overrule Rogowski's second assignment of error.

## IV. CONCLUSION

{¶ 28} Based on the foregoing, we overrule both of Rogowski's assignments of error and affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

TYACK and HORTON, JJ., concur.

_____