BAKER, APPELLANT, *v.* THE STATE OF OHIO, DEPARTMENT OF REHABILITATION AND CORRECTIONS, ET AL., APPELLEES.

(No. 85AP-873—Decided May 6, 1986.)

*Bradley & Farris Co., L.P.A.,* and *Richard D. Topper,* for appellant.

*Anthony J. Celebrezze, Jr.,* attorney general, and *Donald J. Guittar,* for appellees.

MOYER, P.J.   This matter is before us upon an appeal from a judgment of the Court of Claims in favor of appellees.

On April 1, 1981, appellant, Robert Baker, was an inmate at the Columbus Correctional Facility. He was assaulted by three other inmates, was badly beaten, and required hospitalization. Appellant filed a complaint in the Court of Claims and alleged that his injuries were sustained as a result of the negligence of correctional officers.

Appellant was confined to the A-B block of the facility. This area was divided into two sections, A block and B block. On each block, there were six floors, or ranges, and on each range there were seventeen cells. The usual procedure for taking the inmates to dinner was to unlock all the cells and allow the inmates to remain on their respective ranges until they were all taken to the dining hall. It was during this time that appellant was assaulted by inmates known to him.

Appellant contended in his complaint that the guards failed to follow procedure by remaining on the ranges while the inmates were out of their cells. Appellant also alleged that the guards negligently failed to follow procedure when he reported his fear of being assaulted. Normally, an inmate who makes such a report is placed in protective custody.

The trial court ruled in favor of appellees and dismissed appellant's claims. The court found that the guards discharged their duties with reasonable care and were not negligent. Further, the court held that the guards did not have notice of appellant's fear of being assaulted.

Appellant asserts the following assignment of error:

"The trial court erred as a matter of law in failing to find that guards employed by the Appellee, State of Ohio, Department of Rehabilitation and Corrections, were negligent in failing to prevent an assault upon Appellant by fellow inmates at the Columbus Correctional Facility."

Appellant contends, as he did below, that R.C. 2921.44(C) establishes appellees' duty of care and that the decision of *Reynolds* v. *State* (1984), 14 Ohio

St. 3d 68, requires a finding of negligence on the part of appellees. We do not agree with appellant's contention.

R.C. 2921.44(C) provides in part that:

"(C) No officer, having charge of a detention facility, shall negligently do any of the following:

"* * *

"(3) Fail to control an unruly prisoner, or to prevent intimidation of or physical harm to a prisoner by another;

"* * *

"(5) Fail to observe any lawful and reasonable regulation for the management of the detention facility."

Appellant urges that the guards violated R.C. 2921.44(C)(3) by failing to place appellant in protective custody after he expressed his fear of being assaulted. However, a review of the testimony at trial indicates that appellant did not specifically request protective custody or directly express his fear of an impending assault. Rather, appellant made vague statements that he needed to get off the range or be moved off the range. In spite of the fact that appellant was slapped in the face by another inmate earlier that day, he did not specifically request protective custody. Accordingly, the trial court did not err in holding that the guards did not have adequate notice of an impending assault and that, therefore, appellees were not negligent in failing to place appellant in protective custody.

Appellant also urges that appellees violated R.C. 2921.44(C)(5) by negligently failing to observe management regulations when a guard failed to stay on appellant's range after all the cells were open and the inmates could move freely among themselves.

Appellant does not assert that there was an insufficient number of guards. There was expert testimony that the procedures followed were adequate and that it was not required that a guard stay on each range after the cells were opened. Indeed, it would be impossible for this to occur, since four guards were responsible for twelve ranges.

Contrary to appellant's view, *Reynolds, supra,* is inapplicable to the case at bar. There, the Supreme Court held that, when a statute mandates a particular procedure and creates a duty, the failure to conform to the statute is negligence *per se.*

In the instant case, there was no formal, written rule. The procedure followed by the guards was considered adequate by an expert witness. There was testimony that the guards followed their normal procedure on the day appellant was assaulted. Therefore, appellees did not violate R.C. 2921.44(C)(5) by negligently failing to follow procedure and there was no negligence *per se.*

Appellant's assignment of error is overruled, and the judgment of the Court of Claims is affirmed.

*Judgment affirmed.*

McCORMAC and VICTOR, JJ., concur.

VICTOR, J., retired, of the Ninth Appellate District, was assigned to active duty pursuant to Section 6(C), Article IV, Ohio Constitution.