859 F.2d 152
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Kenneth IVERSON, Plaintiff-Appellant,
v.
Sergeant WYATT; Lt. R. Olland; Janet Beatty; Hatfield,
C.O. Major; Ronald Edwards, Defendants-Appellees.
 No. 88-3184.
 United States Court of Appeals, Sixth Circuit.
 Sept. 27, 1988.
 
 Before BOYCE F. MARTIN, Jr. and DAVID A. NELSON, Circuit Judges and GEORGE CLIFTON EDWARDS, Senior Circuit Judge.
 
 ORDER
 
 1
 This pro se Ohio prisoner appeals the district court's judgment dismissing his civil rights complaint filed pursuant to 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, the panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking monetary and injunctive relief, plaintiff Kenneth Iverson alleged that defendants deprived him of a protected liberty interest by falsely exposing him as an informant following the investigation of misconduct charges against another inmate. Finding that Iverson did not suffer any harm or the deprivation of a constitutionally protected right, the district court granted defendants' motion to dismiss for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6).
 
 
 3
 Upon review, we conclude that dismissal was proper. See Celotex Corp. v. Catrett, 477 U.S. 317 (1986); Shavrnoch v. Clark Oil & Refining Corp., 726 F.2d 291 (6th Cir.1984).
 
 
 4
 Contrary to Iverson's assertions, he has no state-created liberty interest in remaining free from harassment or intimidation under Ohio Rev.Code Sec. 2921.44. See Beard v. Livesay, 798 F.2d 874, 876-79 (6th Cir.1986); see also Baker v. State, Dep't of Rehabilitation and Corrections, 28 Ohio App.3d 99, 502 N.E.2d 261, 263 (1986).
 
 
 5
 Additionally, Iverson's reliance on a conspiracy theory is unavailing. Because he failed to allege the deprivation of a protected right or interest, the court need not address the issue of liability under any theory.
 
 
 6
 Finally, the district court did not abuse its discretion by failing to consider Iverson's additional allegations of retaliatory mistreatment. The allegations were presented as grounds for Iverson's motion for an extension of time in which to file a response to defendants' motion to dismiss. The magistrate granted the relief sought, i.e. an extension of time, and ordered Iverson to submit an amended or supplemental complaint if he intended to seek relief for retaliatory harassment. Because Iverson failed to submit a supplemental pleading, the allegations were not before the court.
 
 
 7
 Accordingly, the district court's judgment, filed February 17, 1988, is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.