## MILLER

v.

## OHIO DEPARTMENT OF REHABILITATION AND CORRECTION.

Court of Claims of Ohio.

No. 94–05656.

Decided Aug. 29, 1995.

---

5

*Michael C. Johnson,* for plaintiff.

*Betty D. Montgomery,* Attorney General, and *Rosa P. Wright,* Assistant Attorney General, for defendant.

DEAN STRAUSBAUGH, Judge.

In his complaint, plaintiff Willis R. Miller alleges that defendant, Department of Rehabilitation and Correction, negligently managed the Madison Correctional Institution ("MCI") and, therefore, is responsible for injuries he sustained when

attacked by another inmate by the name of Rick Jones. Defendant denied any liability to plaintiff. The court held a bifurcated trial at MCI upon the sole issue of liability. At the conclusion of plaintiff's case-in-chief, defendant made a motion to dismiss plaintiff's case pursuant to Civ.R. 41(B)(2). The court reserved its ruling until after presentation of all the evidence, at which time defendant renewed the motion. The court again reserved ruling on the motion and requested the parties to submit post-trial briefs in lieu of closing arguments. After reviewing all the evidence, the court OVERRULES defendant's Civ.R. 41(B)(2) motion and renders the following decision.

On April 13, 1993, plaintiff, an inmate in the institution's minimum security complex, accompanied fellow inmate John Sepik to an open area behind the prison gymnasium to lift weights. Shortly thereafter, while plaintiff lay on a weight-lifting bench with Sepik "spotting" for him as he lifted weights, a third inmate, Jones, walked over to the bench and kicked plaintiff in the face for no apparent reason. Although plaintiff was in extreme pain, he and Sepik decided to return to their prison dorm rather than report to the MCI infirmary, in part, because several other inmates admonished them that if they "snitched" on Jones he would kill them. Eventually, when his pain would not subside, plaintiff approached a correctional officer about his injury and told the officer that he had fallen down. Upon learning of plaintiff's injury, MCI personnel transferred him to the Ohio State University Hospital, where he remained for several days for medical treatment. When plaintiff returned to MCI from the hospital, he changed his story and told an MCI official that his injuries were caused by Jones's kicking him in the face.

Plaintiff's claims in this case are premised upon a theory of negligence. Specifically, he alleges that defendant negligently managed MCI in that it failed to provide proper supervision where inmates were gathered to work out behind the gym. Plaintiff further contends that defendant violated R.C. 2921.44, which deals with dereliction of duty for law officers having charge of detention facilities. Defendant, on the other hand, maintains that it is not liable for plaintiff's injuries because it did not have notice of any problems or threats made by Jones towards plaintiff. Furthermore, defendant asserts that it properly supervised the weight-lifting area behind the MCI gymnasium.

R.C. 2921.44 states:

"(C) No officer, having charge of a detention facility, shall negligently do any of the following:

" * * *

"(3) Fail to control an unruly prisoner, or to prevent intimidation of or physical harm to a prisoner by another;

" * * *

"(5) Fail to observe any lawful and reasonable regulation for the management of the detention facility."

R.C. 2921.44 is a criminal statute. The operative word contained in the statute that is of concern to this court is "negligently."

█ In order to prevail under a theory of negligence, plaintiff must prove by a preponderance of the evidence that defendant owed him a duty, that defendant breached that duty, and that defendant's breach of duty caused his injuries. *Strother v. Hutchinson* (1981), 67 Ohio St.2d 282, 21 O.O.3d 177, 423 N.E.2d 467. Ohio law imposes a duty of reasonable care upon the state to provide for its prisoners' health, care, and well-being. *Clemets v. Heston* (1985), 20 Ohio App.3d 132, 136, 20 OBR 166, 170, 485 N.E.2d 287, 291–292. However, the state is not the insurer of inmate safety. See *Williams v. Ohio Dept. of Rehab. & Corr.* (1991), 61 Ohio Misc.2d 699, 702, 583 N.E.2d 1129, 1131–1132. Therefore, the true question before the court in this case is whether MCI breached its duty of reasonable care under the circumstances of this case.

█ Plaintiff's claims of negligent management and dereliction of duty, in violation of R.C. 2921.44, shall be addressed together.

█ Plaintiff alleges that defendant's inadequate supervision of MCI caused Jones to attack him. The court finds this argument is without merit. The law is well settled in Ohio that the state is not liable for the intentional attack on one inmate by another inmate unless there is adequate notice of an impending assault. See *Baker v. State* (1986), 28 Ohio App.3d 99, 28 OBR 142, 502 N.E.2d 261; *Williams v. S. Ohio Correctional Facility* (1990), 67 Ohio App.3d 517, 587 N.E.2d 870; *Belcher v. Ohio Dept. of Rehab. & Corr.* (1991), 61 Ohio Misc.2d 696, 583 N.E.2d 1128. Here, plaintiff and Sepik both testified that Jones's attack upon plaintiff surprised them and was unprovoked. Accordingly, the court finds that MCI did not have notice of a potential fight between plaintiff and Jones.

█ Furthermore, the court finds that plaintiff failed to prove, by a preponderance of the evidence, that defendant inadequately supervised the minimum security complex at MCI, which included the weight-lifting area behind the prison gymnasium where Jones assaulted plaintiff. Although plaintiff and Sepik both testified that they did not see any correctional officers monitoring the weight-lifting area at the time of the assault, the court believes and so finds that defendant provided adequate supervision for the minimum security complex at MCI. Specifically, there is credible evidence that there were at least two correctional officers and one activity therapist or "red shirt" assigned and on duty to monitor the weight-lifting area. In addition, officers in a perimeter vehicle

constantly patrolled MCI approximately fifty to sixty yards away from the weight-lifting area on the outside of the fence. Any one of these employees was in a position from which he could hear and respond to emergency situations that might arise. See, *e.g.*, *Miracle v. Ohio Dept. of Rehab. & Corr.* (1995), 69 Ohio Misc.2d 18, 649 N.E.2d 927. There is evidence and the court so finds that the standard for security in a minimum security facility is not required to meet the higher standard of a medium or maximum security facility. Consequently, the court finds that the inmates in MCI's minimum security complex, including plaintiff, were reasonably and appropriately supervised by defendant's employees on April 13, 1993.

For all the foregoing reasons, judgment shall be rendered in favor of defendant, Department of Rehabilitation and Correction.

*Judgment for defendant.*