**VASQUEZ**

v.

**OHIO DEPARTMENT OF REHABILITATION AND CORRECTION.**

Court of Claims of Ohio.

No. 97–12734.

Decided Jan. 13, 2000.

**34**

---

*Richard F. Swope,* for plaintiff.

*Betty D. Montgomery,* Attorney General, and *James P. Dinsmore,* Assistant Attorney General, for defendant.

---

RUSSELL LEACH, Judge.

Plaintiff Daniel Vasquez is an inmate in the custody and control of the Department of Rehabilitation and Correction pursuant to R.C. 5120.16. On December 8, 1997, plaintiff filed this action, alleging that defendant was negligent in failing to prevent an assault by two other inmates, Ricky Boswell and Glendon Robinson. The findings and conclusions herein are derived from the documents and pleadings contained in the case file, the evidence introduced at trial, and the presentations made by the parties.

The assault occurred on November 11, 1996, at the Southern Ohio Correctional Facility, Lucasville, Ohio. At the time of the incident, plaintiff and nine other inmates were being transported to a recreation area. Prior to being transported, the inmates were individually handcuffed and secured together by a travel chain. Corrections Officers ("CO") Williams and Benner were assigned to escort the inmates from their cells to the recreation area.

As the inmates were walking in single file, CO Williams observed the travel chain being pulled, and, soon thereafter, inmates Lebron and Robinson were free from their restraints. Evidence presented at trial revealed that inmate Robinson was released from his handcuffs by the use of an inmate-manufactured cuff key. CO Williams also observed inmate Robinson strike plaintiff with a plastic "shank." Inmate Lebron, who was successful in slipping out of his own handcuffs without opening them, attempted to protect plaintiff from the assault. CO Williams testified that he attempted to intervene and stop the assault while CO Benner was using a radio to call for help. Eventually, additional COs arrived on the scene, and the inmates that had participated in the altercation were subdued. As a result of the incident, plaintiff suffered lacerations to his body, including his head, neck, and arms.

 In order for plaintiff to prevail on his claim of negligence, he must prove by a preponderance of the evidence that defendant owed him a duty, that it breached that duty, and that the breach proximately caused his injuries. *Strother v. Hutchinson* (1981), 67 Ohio St.2d 282, 285, 21 O.O.3d 177, 179, 423 N.E.2d 467, 469–470. Ohio law imposes a duty of reasonable care upon the state to provide for its prisoners' health, care, and well-being. *Clemets v. Heston* (1985), 20 Ohio App.3d 132, 136, 20 OBR 166, 169–170, 485 N.E.2d 287, 292–292. However, the state is not an insurer of inmate safety. See *Williams v. Ohio Dept. of Rehab. & Corr.* (1991), 61 Ohio Misc.2d 699, 702, 583 N.E.2d 1129, 1131–1132. Accordingly, the issue before the court is whether defendant breached its duty of reasonable care under the circumstances of this case.

 The law is well settled in Ohio that the state is not liable for the intentional attack on one inmate by another unless there is adequate notice of an impending assault. See *Baker v. State* (1986), 28 Ohio App.3d 99, 28 OBR 142, 502 N.E.2d 261; *Williams v. S. Ohio Correctional Facility* (1990), 67 Ohio App.3d 517, 587 N.E.2d 870; *Belcher v. Ohio Dept. of Rehab. & Corr.* (1991), 61 Ohio Misc.2d 696, 583 N.E.2d 1128.

 The legal concept of notice comprises two distinguishable types, actual and constructive. See *In re Estate of Fahle* (1950), 90 Ohio. App. 195, 197, 47 O.O. 231, 232–233, 105 N.E.2d 429, 430–431. However, plaintiff bears the

burden of proving that defendant's notice, whether actual or constructive, was of an impending assault. *Baker, supra.*

Plaintiff asserts that he placed defendant on notice that inmates in his cell block possessed inmate-manufactured cuff keys. Specifically, plaintiff testified that he gave defendant notice of the cuff keys by sending an interoffice communication, also known as a "kite," to Lt. Larry Turner on November 10, 1996. However, Lt. Turner testified that he did not recall receiving a kite, or any other complaint, from plaintiff prior to the incident. Plaintiff failed to produce any evidence of the existence of the November 10, 1996 kite. Although plaintiff submitted into evidence several documents showing that he filed a grievance concerning a kite and allegations of makeshift cuff keys, all of the documents were dated after the incident occurred.

Plaintiff has not alleged that he placed defendant on notice of any specific threats made against him by inmates Robinson or Boswell. Plaintiff testified that he did not have any altercations with his attackers prior to the day of the incident. Plaintiff also testified that he did not alert either CO Williams or Benner when he noticed movement in the travel chain, even though he believed that someone would be assaulted.

Based upon the totality of the evidence, including the conflicting testimony, the court concludes that plaintiff has failed to prove by a preponderance of the evidence that defendant had prior notice of an impending threat of harm or of the subsequent assault suffered by plaintiff. Judgment shall be entered in favor of defendant.

*Judgment for defendant.*

RUSSELL LEACH, J., retired, of the Franklin County Municipal Court, sitting by assignment.