DECISION
Plaintiff-appellant, Santana Doss, appeals from a decision and judgment of the Ohio Court of Claims in favor of defendant-appellee, Ohio Department of Rehabilitation and Correction ("ODRC"). Appellant, an inmate confined at the Trumbull Correctional Camp ("TCC") was injured in an assault by another inmate, Jason Barker, on January 19, 1997. Barker struck appellant with a metal bar that had been removed from a universal weight machine in the institution's exercise room.
Appellant then instituted this action in the Court of Claims seeking damages for injuries received in the assault. Appellant alleged that ODRC was negligent in that it did not provide reasonable security to ensure appellant's safety in the institution, and failed to properly monitor the equipment and activities of its inmates. Appellant specifically alleged that ODRC was negligent in failing to secure the bar of the exercise machine so that it could not be removed, and in failing to monitor the activities of inmates who used the exercise area. Appellant also alleged that ODRC was negligent per se in that it failed to monitor prison access to exercise equipment as required by R.C.5145.30, which provides in pertinent part:
 (B) No officer or employee of a correctional institution under the control or supervision of the department of rehabilitation and correction shall do any of the following:
 (1) Provide a prisoner access to free weight exercise equipment;
 (2) Provide a prisoner access to fixed weight exercise equipment unless the prisoner is incarcerated in a minimum or medium security facility. Such a prisoner shall be allowed access to such equipment for no more than three hours per week. The prisoner shall be supervised at all times access is permitted, and a list documenting names of prisoners and supervising personnel, dates, and times of usage shall be maintained at each facility.
The Court of Claims' decision grants judgment for ODRC on two grounds. First, the court found that R.C. 5145.30(B), providing that prisoners "shall be supervised at all times access is permitted" to fixed weight exercise equipment, referred only to the monitoring of the three-hour per week time limit for each prisoner's use of weight equipment. The Court of Claims found that since R.C. 5145.30 is intended to place limits on prisoner access to weight equipment and marshall arts training for purposes of restraining the prison population's capacity for violent behavior, the reference to supervision in the statute means only that the limitation on hours of access shall be enforced and records of prisoner time, date, and duration of exercise shall be recorded. The Court of Claims held, "the supervisory requirements of the statute are intended to limit an inmate's ability to increase fighting capabilities rather than restrict the inmate's physical access to the fixed weight exercise equipment." The Court of Claims, based upon this reading of the statute, concluded that appellant had not established negligence per se on the part of ODRC, because despite any breach of ODRC's duties under R.C.5145.30, the thrust of the statute was not to provide constant supervision of exercise areas, but rather to hold in check the inmate's ability to increase fighting capabilities.
The court went on to find that, even if negligence perse had been established, appellant had failed to demonstrate that his injuries were proximately caused by such negligence. The Court of Claims also found that, under appellant's alternative basis for alleging negligence, appellant had not established that ODRC had breached its duty of reasonable care to provide for prisoners' health, care, and well-being, since pursuant to Baker v. State
(1986), 28 Ohio App.3d 99, the state is not liable for an intentional attack upon one inmate by another, unless there is adequate notice of an impending assault. The Court of Claims found that the state in fact had no notice of any possible assault by Barker upon appellant.
Appellant has timely appealed and brings the following three assignment of error:
 1. The court erred in determining that § 5145.30 of the Ohio Revised Code created no duty to protect persons such as plaintiff.
 2. The court erred in not finding any duty on behalf of the defendant to prevent injuries to plaintiff.
 3. The court erred in not finding the defendant had assumed a duty toward plaintiff.
The three assignments of error present related issues and will be addressed together. Addressing first appellant's negligence per se claim, appellant asserts that ODRC's failure to directly supervise prisoners at all when access was permitted to the exercise equipment constitutes a direct failure to comply with a specific mandate of R.C. 5145.30(B)(2). "Where there exists a legislative enactment commanding or prohibiting for the safety of others the doing of a specific act and there is a violation of such enactment solely by one whose duty it is to obey it, such violation constitutes negligence per se." Eisenhuth v. Moneyhon
(1954), 161 Ohio St. 367, paragraph three of the syllabus. A claim for negligence per se may only be made where the statute sets forth a specific course of conduct designed to protect the safety of others. Westervelt v. Rooker (1983), 4 Ohio St.3d 146. However, "in order to constitute negligence in a violation of an ordinance or statute, it is necessary that the obligation imposed be for the benefit of the person alleging injury, and this, of course means that one so claiming must stand upon the proposition that the ordinance was intended for his protection." Miller v. The EastOhio Gas Co. (1930), 35 Ohio App. 113, 115. See, also, Bobbitt v.Ruymann (June 16, 1992), Franklin App. No. 91AP-1423, unreported.
In the present case, while we agree with appellant that the Court of Claims has at least somewhat misread the statute, we agree with the Court of Claims' ultimate conclusion that negligence per se has not been shown. R.C. 5145.30(B)(2) specifically provides that no officer or employee of a correctional institution shall provide a prisoner with access to fixed weight exercise equipment unless the prisoner is incarcerated in a minimum or medium secured facility, and "such a prisoner shall be allowed access to such equipment for no more than three hours per week. The prisoner shall be supervised at all times access is permitted, and a list documenting names of prisoners and supervising personnel, dates, and times of usage shall be maintained at each facility." Appellee urges, and the Court of Claims accepted, that the reference to supervision during all times access is permitted to exercise equipment refers only to the documentation of prisoner access. We disagree. The plain language of the statute is not susceptible to being so tortured. The statute plainly calls for direct supervision of inmates while they are using the fixed weight equipment, as well as a record keeping process to record and enforce the three hour per week limitation for each inmate in the use of such equipment.
However, while differing with the Court of Claims in the above respect, such a difference of statutory interpretation does not resolve the question of negligence per se in the present matter. Appellant has not shown that he is one of the class of persons that is intended to be protected under the statute. The clear purpose of R.C. 5145.30(B) is to limit an inmate's ability to increase muscle mass, physical strength, and fighting skills. The statute was a result of increasing difficulty experienced by correction authorities in controlling prisoners, as particularly exemplified by the experience of the 1996 inmate uprising at the Southern Ohio Correctional Facility at Lucasville. In keeping with the general thrust of the statute, we find that the requirement of supervision over prisoners using fixed weight exercise equipment is not aimed at the protection of prisoners themselves, but at more effective enforcement of the statutes' general limitation upon the inmate population's ability to increase physical strength or fighting skills. On this basis, we find that the Court of Claims did not err in its conclusion that negligence per se had not been shown on the part of ODRC in the present case, since appellant was not in the class of persons intended to be protected by the statute.
Turning now to appellant's contention that negligence, other than negligence per se, can be shown, we find no error in this respect on the part of the Court of Claims. Ohio law imposes upon ODRC a duty of reasonable care and protection of its prisoners. Clemens v. Heston (1985), 20 Ohio App.3d 132, 136;Mitchell v. Ohio Dept. of Rehab. and Corr. (1995), 107 Ohio App.3d 231,236. This rule, however, does not make the state an insurer of inmates safety. Williams v. Southern Ohio Corr.Facility (1990), 67 Ohio App.3d 517, 526. Where one inmate intentionally assaults another, actionable negligence on the part of the state will arise only where there was adequate notice to correctional authorities of the impending attack. Baker v. State,supra.
There was no notice to correctional authorities, actual or constructive, of the attack by Barker upon Doss. Doss testified that he and Barker had words with each other two days prior to the attack, but that this was not reported to any ODRC personnel. Appellant himself had no notice that the assault was to occur, and in fact testified that he was unaware who had attacked him until he was recovering in the infirmary. Since there was no testimony to support that ODRC had actual or constructive notice of the impending assault, the Court of Claims did not err in finding that ODRC did not breach its common law duty of care owed to appellant.
Finally, we note that testimony at trial established a reasonable general security policy under which the weight room was checked at least four times per hour by various corrections personnel, as well as officers in the adjacent dorm area. Officers intervened quickly to stop the assault by Barker upon appellant, securing Barker with handcuffs and obtaining medical assistance for appellant.
In summary, we find that ODRC did not breach its common law duty of care towards an inmate, nor has appellant established negligence per se on the part of ODRC. Appellant's first, second, and third assignments of error are accordingly overruled, and the judgment of the Court of Claims in favor of ODRC is affirmed.
Judgment affirmed.
BOWMAN, P.J., concurs.
TYACK, J., dissents.