[Cite as *Allen v. Dept. of Rehab. & Corr.*, 2015-Ohio-383.]

## IN THE COURT OF APPEALS OF OHIO

## TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| John D. Allen, | : | |
| Plaintiff-Appellant, | : | |
| | | No. 14AP-619 |
| v. | : | (Ct. of Cl. No. 2014-00030) |
| Ohio Department of Rehabilitation and Correction, | : | (ACCELERATED CALENDAR) |
| Defendant-Appellee. | : | |
| | : | |

D E C I S I O N

Rendered on February 3, 2015

*John D. Allen*, pro se.

*Michael DeWine*, Attorney General, and *Amber Wootton Hertlein*, for appellee.

APPEAL from the Court of Claims of Ohio

SADLER, J.

{¶ 1} Plaintiff-appellant, pro se, John D. Allen, appeals from a judgment of the Court of Claims of Ohio in favor of defendant-appellee, Ohio Department of Rehabilitation and Correction ("DRC"). For the reasons that follow, we affirm the judgment of the Court of Claims.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 2} Appellant is an inmate at a DRC facility known as the Hocking Correctional Facility ("HCF"). According to appellant's complaint and affidavit, on June 18, 2013, his cellmate, Michael Decost, assaulted him by "punching [him] in the back (kidney)." On January 15, 2014, appellant filed a civil action against DRC alleging that DRC's employees

violated his civil rights as well as several criminal statutes in connection with the assault by Decost.

{¶ 3} DRC filed a motion for summary judgment on June 11, 2014. On July 1, 2014, appellant filed a memorandum in opposition to the motion. Appellant subsequently filed a motion for judgment on the pleadings, pursuant to Civ.R. 12(C), on July 3, 2014. On July 29, 2014, the Court of Claims issued a judgment entry denying appellant's motion for judgment on the pleadings, dismissing appellant's statutory and constitutional claims for lack of subject-matter jurisdiction, and granting summary judgment in favor of DRC as to appellant's negligence claim. Appellant filed a timely notice of appeal to this court on August 11, 2014.

## II. ASSIGNMENT OF ERROR

{¶ 4} Appellant assigns the following as his sole assignment of error:

> The lower court erred by not affording Appellant his rightful civil remedies for Defendant's criminal acts.

## III. STANDARD OF REVIEW

{¶ 5} Pursuant to Civ.R. 56(C), summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Accordingly, summary judgment is appropriate only under the following circumstances: (1) no genuine issue of material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can come to but one conclusion, that conclusion being adverse to the nonmoving party. *Harless v. Willis Day Warehousing Co.*, 54 Ohio St.2d 64, 66 (1978).

{¶ 6} "[T]he moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record before the trial court which demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim." *Dresher v. Burt*, 75 Ohio St.3d 280, 292 (1996). Once the moving party meets its initial burden, the nonmovant must set forth specific facts demonstrating a genuine issue for trial. *Id.* at 293. Because summary judgment is a

procedural device to terminate litigation, courts should award it cautiously after resolving all doubts in favor of the nonmoving party. *Murphy v. Reynoldsburg*, 65 Ohio St.3d 356, 358-59 (1992).

{¶ 7} Appellate review of summary judgments is de novo. *Byrd v. Arbors E. Subacute & Rehab. Ctr.*, 10th Dist. No. 14AP-232, 2014-Ohio-3935. When an appellate court reviews a trial court's disposition of a summary judgment motion, it applies the same standard as the trial court and conducts an independent review, without deference to the trial court's determination. *Id.*, citing *Maust v. Bank One Columbus, N.A.*, 83 Ohio App.3d 103, 107 (10th Dist.1992). We must affirm the trial court's judgment if any of the grounds raised by the movant in the trial court are found to support it, even if the trial court failed to consider those grounds. *Helfrich v. Allstate Ins. Co.*, 10th Dist. No. 12AP-559, 2013-Ohio-4335, ¶ 7 (10th Dist.), citing *Coventry Twp. v. Ecker*, 101 Ohio App.3d 38, 41-42 (9th Dist.1995).

{¶ 8} We also review judgments dismissing a complaint for lack of subject-matter jurisdiction under the de novo standard. *Cullinan v. Ohio Dept. of Job & Family Servs.*, 10th Dist. No. 12AP-208, 2012-Ohio-4836, ¶ 5, citing *Windsor House, Inc. v. Ohio Dept. of Job & Family Servs.*, 10th Dist. No. 09AP-584, 2010-Ohio-257, ¶ 8. The test is whether the complaint states a claim for relief cognizable in the forum. *Univ. of Toledo v. Ohio State Emp. Relations Bd.*, 10th Dist. No. 11AP-834, 2012-Ohio-2364, ¶ 8, citing *Crable v. Ohio Dept. of Youth Servs.*, 10th Dist. No. 09AP-191, 2010-Ohio-788, ¶ 8.

## IV. LEGAL ANALYSIS

{¶ 9} In his sole assignment of error, appellant contends that the Court of Claims erred by not affording him his rightful civil remedies for defendant's criminal acts. We disagree.

{¶ 10} In his complaint, appellant alleges that DRC is subject to civil liability for the actions or omissions of its employees under the following legal theories: dereliction of duty, in violation of R.C. 2921.44, a misdemeanor in the second degree; civil rights violations as prohibited by R.C. 2921.45, misdemeanors in the first degree; and complicity in the commission of the foregoing offenses, in violation of R.C. 2923.03. Appellant alleges that DRC's violation of criminal statutes is actionable in the Court of Claims by operation of R.C. 2307.60(A)(1), which provides in relevant part: "Anyone injured in

person or property by a criminal act has, and may recover full damages in, a civil action unless specifically excepted by law."

{¶ 11} The Court of Claims concluded that it did not have subject-matter jurisdiction to determine DRC's civil liability under any of the legal theories specified in appellant's complaint.  We agree.

{¶ 12} In *Cullinan*, the Supreme Court of Ohio made the following observations about the subject-matter jurisdiction of the Court of Claims:

> The Court of Claims * * * is a court of limited jurisdiction having exclusive, original jurisdiction over claims brought against the state as a result of the state's waiver of immunity under R.C. 2743.02.  The Court of Claims has exclusive, original jurisdiction over civil actions filed against the state for money damages sounding in law.

(Citations omitted.)  *Id.* at ¶ 6.

{¶ 13} "R.C. 2743.02 limits actions brought in the Court of Claims to those which could be brought between private parties."  *Peters v. Ohio Dept. of Natural Resources*, 10th Dist. No. 03AP-350, 2003-Ohio-5895, ¶ 13.  *See also Hamilton v. Ohio Dept. of Rehab. & Corr.,* 10th Dist. No. 06AP-916, 2007-Ohio-1173, ¶ 14.  Accordingly, we have consistently held that the Court of Claims does not have jurisdiction over any criminal matters against the state, as " 'R.C. 2743.02 does not confer jurisdiction to the Court of Claims to consider criminal charges that should be adjudicated in the courts of common pleas.' "  *Howard v. Supreme Court of Ohio*, 10th Dist. No. 04AP-1093, 2005-Ohio-2130, ¶ 17, quoting *Troutman v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 03AP-1240, 2005-Ohio-334.  This court has also concluded that R.C. 2307.60(A)(1) "is merely a codification of the common law that a civil action is not merged in a criminal prosecution."  *Edwards v. Madison Twp.*, 10th Dist. No. 97APE06-819 (Nov. 25, 1997), *appeal not allowed*, 81 Ohio St.3d 1495 (1998).  The statute does not create a separate civil action.  *Id.  See also Groves v. Groves*, 10th Dist. No. 09AP-1107, 2010-Ohio-4515, ¶ 25 ("A party must rely on a separate civil cause of action, existent either in the common law or through statute, to bring a civil claim based on a criminal act.").

{¶ 14} Similarly, it is well-settled law that the Court of Claims does not have subject-matter jurisdiction of actions alleging that the state violated an inmate's

constitutional rights. *Cotten v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 13AP-935, 2014-Ohio-2619, ¶ 17-20; *Hamilton* at ¶ 14. "It is also true that a [civil rights] action under 42 U.S.C. 1983 may not be brought against the state in the Court of Claims because the state is not a 'person' within the meaning of 42 U.S.C. 1983." *Hanna v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 09AP-374, 2009-Ohio-5094, ¶ 6, citing *Jett v. Dallas Indep. School Dist.*, 491 U.S. 701 (1989).

{¶ 15} For the foregoing reasons, we hold that the Court of Claims lacked subject-matter jurisdiction to consider appellant's claims for relief grounded upon DRC's alleged violations of appellant's constitutional or statutory rights as specified in the complaint. Thus, the Court of Claims did not err when it dismissed those claims.

{¶ 16} The Court of Claims went on to examine the material factual allegations of the complaint and concluded that appellant's complaint sounded in common law negligence, even though appellant had specified other legal theories. Accordingly, we will conduct a de novo review to determine whether the evidence gives rise to a reasonable inference of actionable negligence on the part of DRC.

{¶ 17} To prevail on a negligence claim, appellant must establish that (1) DRC owed him a duty, (2) DRC breached that duty, and (3) DRC's breach proximately caused his injuries. *Briscoe v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 02AP-1109, 2003-Ohio-3533, ¶ 20, citing *Macklin v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 01AP-293, 2002-Ohio-5069. "In the context of a custodial relationship between the state and its inmates, the state owes a common-law duty of reasonable care and protection from unreasonable risks of physical harm." *McElfresh v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 04AP-177, 2004-Ohio-5545, ¶ 16, citing *Woods v. Ohio Dept. of Rehab. & Corr.*, 130 Ohio App.3d 742, 744-45 (10th Dist.1998). "Reasonable care is that degree of caution and foresight an ordinarily prudent person would employ in similar circumstances." *Id.* The state's duty of reasonable care does not render it an insurer of inmate safety. *Williams v. S. Ohio Corr. Facility*, 67 Ohio App.3d 517, 526 (10th Dist.1990), citing *Clemets v. Heston*, 20 Ohio App.3d 132 (6th Dist.1985). "However, 'once [the state] becomes aware of a dangerous condition[,] it must take reasonable care to prevent injury to the inmate.' " *Watson v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 11AP-606, 2012-Ohio-1017, ¶ 8, citing *Briscoe* at ¶ 20.

{¶ 18} Appellant's complaint essentially alleges that DRC was negligent in failing to prevent the assault by Decost. In *Watson*, we set forth the legal standard applicable to such claims as follows:

> The law is well-settled in Ohio that ODRC is not liable for the intentional attack of one inmate by another, unless ODRC has adequate notice of an impending assault. *Mitchell v. Ohio Dept. of Rehab. & Corr.*, 107 Ohio App.3d 231, 235 (10th Dist.1995), citing *Baker v. State, Dept. of Rehab. & Corr.*, 28 Ohio App.3d 99 (10th Dist.1986). Notice may be actual or constructive, the distinction being the manner in which the notice is obtained rather than the amount of information obtained. *Hughes v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 09AP-1052, 2010-Ohio-4736, ¶ 14. Actual notice exists where the information was personally communicated to or received by the party. *Id.* "Constructive notice is that notice which the law regards as sufficient to give notice and is regarded as a substitute for actual notice." *Id.*, citing *In Re Estate of Fahle,* 90 Ohio App. 195, 197 (6th Dist.1950).

*Id.* at ¶ 9.

{¶ 19} Appellant's affidavit provides in relevant part as follows:

> [Appellant] has personally heard Michael Decost threaten to beat up inmates in the Day Room for not letting him watch his T.V. Programs. [Appellant] has personally heard Michael Decost threaten to beat up his wife as soon as he gets out of prison. [Appellant] has personally heard Michael Decost threaten to beat up the older inmates at HCF simply because they "pissed him off." Michael Decost is in prison for Domestic Violence (5 different times) and Michael Decost continuously threatens other HCF inmates almost on a daily basis.

{¶ 20} The Court of Claims determined that appellant's affidavit did not give rise to a reasonable inference that DRC either knew or should have known of the impending attack by Decost on appellant. We agree.

{¶ 21} While the affidavit states that Decost is a violent offender and that he has, in the recent past, made public threats of violence against other unidentified inmates, the averments in the affidavit do not permit the inference that Decost threatened to harm appellant in particular. Even if we accept appellant's claim that he feared an imminent assault by Decost, appellant does not claim that he personally informed DRC of his fears.

Nor does appellant claim that anyone else told DRC that Decost was planning to assault appellant. Thus, there is no evidence that DRC had actual notice of an impending assault.

{¶ 22} Nor does appellant's affidavit contain sufficient facts upon which it may be reasonably inferred that DRC had constructive notice that an assault upon appellant was imminent. While appellant avers that Decost threatened other inmates, he does not claim that Decost ever made good on those threats. The fact that DRC knew that Decost was a violent offender who had made threats of violence toward other inmates is insufficient, standing alone, to establish constructive notice to DRC of an imminent attack on appellant. *See Watson* at ¶ 19 (declining to adopt the "deliberate indifference" standard set forth in *Greene v. Bowles*, 361 F.3d 290, 294 (6th Cir.2004), and *Brown v. Budz*, 398 F.3d 904 (7th Cir.2005)). *See also Hughes v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 09AP-1052, 2010-Ohio-4736, ¶ 15 (the fact that DRC was aware that an inmate was not taking his medication, mumbled to himself, and was acting erratically does not translate into actual or constructive notice to DRC that the inmate posed a risk of violence or that his attack on plaintiff was forthcoming). As the Court of Claims noted, " 'it is the inevitable nature of penal institutions that they will contain a fair proportion, perhaps a preponderance, of violent and dangerous individuals.' " (Court of Claims' Decision, 4, quoting *Kordelewski v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 00AP-1109 (June 21, 2001).)

{¶ 23} In short, construing the evidence in appellant's favor, we find that appellant has failed to produce evidence which would support a reasonable inference that DRC either knew or should have known of the impending attack on appellant. Consequently, appellant's negligence claim fails as a matter of law. *Watson*; *Mitchell v. Ohio Dept. of Rehab. & Corr.*, 107 Ohio App.3d 231 (10th Dist.1995); *Hughes.*

{¶ 24} Finally, to the extent that appellant's assignment of error challenges the denial of his motion for judgment on the pleadings, we note that when presented with such a motion, a court must construe all the material allegations of the pleadings, in addition to any reasonable inferences to be drawn therefrom, in favor of the nonmovant. *See Franks v. Ohio Dept. of Rehab. & Corr.*, 195 Ohio App.3d 114, 2011-Ohio-2048 (10th Dist.). "Appellate review of motions for judgment on the pleadings is de novo, without deference to the trial court's determination." *Schmidt v. Grossman Law Office*, 10th Dist.

No. 14AP-127, 2014-Ohio-4227, ¶ 13, citing *Fontbank, Inc. v. CompuServe, Inc.*, 138 Ohio App.3d 801, 807 (10th Dist.2000). In its answer to the complaint, DRC admits that appellant is an inmate at HCF but denies all remaining allegations in the complaint. Thus, a de novo review reveals no basis for a judgment on the pleadings in appellant's favor.

{¶ 25} Based on the foregoing, we hold that the Court of Claims did not err when it denied appellant's motion for judgment on the pleadings, dismissed each of the claims specified in the complaint for the lack of subject-matter jurisdiction, and granted summary judgment in favor of DRC as to appellant's negligence claim. Accordingly, appellant's sole assignment of error is overruled.

## V. CONCLUSION

{¶ 26} Having overruled appellant's sole assignment of error, we affirm the judgment of the Court of Claims of Ohio.

*Judgment affirmed.*

DORRIAN and T. BRYANT, JJ., concur.

T. BRYANT, J., retired, formerly of the Third Appellate District, assigned to active duty under authority of the Ohio Constitution, Article IV, Section 6(C).

_____