[Cite as *Morris v. Dept. of Rehab. & Corr.*, 2020-Ohio-612.]

| | |
|---|---|
| KRISTOFFER MORRIS | Case No. 2018-00492JD |
| Plaintiff | Judge Patrick M. McGrath<br>Magistrate Gary Peterson |
| v. | |
| | <u>DECISION</u> |
| DEPARTMENT OF REHABILITATION<br>AND CORRECTION | |
| Defendant | |

{¶1} Plaintiff Kristoffer Morris has filed objections to a magistrate's decision recommending judgment in favor of Defendant Department of Rehabilitation and Correction (DRC). Without leave of court, DRC has filed a memorandum in opposition.

## I. Background

{¶2} On March 20, 2018, Morris sued DRC, alleging that, on or about December 10, 2017, he was assaulted by an inmate (Inmate Torrez) who was housed in the general population at Toledo Correctional Institution and that DRC's negligence that allowed Inmate Torrez to be in the presence of Morris (an inmate in protective control) proximately resulted in personal injury to Morris. The case proceeded to trial before a magistrate.

{¶3} On October 24, 2019, the magistrate issued a decision wherein he recommended judgment in favor of DRC. On Morris's motion, the court granted an extension for Morris to file objections to the magistrate's decision. On December 20, 2019, Morris filed written objections to the magistrate's decision with an affidavit of evidence. Morris presents seven objections:

1) "The Magistrate erred when he failed to rule the Plaintiff's status as a protective control inmate constitutes notice of danger of assault by general population inmates;"

2) "The Magistrate erred in failing to find due to the conduct of the correctional officers in TPU, in failing to follow accepted security practices based on administrative rules, policies, and general block orders, that the Defendant was negligent.  Defendant's Exhibit 3;"

3) "The Magistrate erred in finding Morris not to be credible;"

4) "The Magistrate erred when he failed to find that the Defendant was negligent in failing to observe the obvious presence of a general population inmate standing in an open gate to the Jpay kiosk room, which three officers failed to observe, giving Torrez clear access to the Plaintiff;"

5) "The Magistrate erred in attributing the assault to a dispute between Plaintiff and Inmate Torrez, when in fact there were no threats pending and the assault would not have occurred without the total disregard of the Defendant's correctional officers in failing to enforce protective custody orders, as well as other rules of the institution;"

6) "The Magistrate's findings in regard to the security video, Defendant's Exhibit B, are not justified by an examination of the video; and"

7) "The Magistrate's decision is contrary to law and against the weight of the evidence."

{¶4} On ODRC's motion, the court denied ODRC's request for leave to file a memorandum in opposition to Morris's objections.  However, on January 21, 2020, without leave ODRC filed a "Memorandum Contra To Plaintiff's Objections To The Decision Of The Magistrate."  That same day—January 21, 2020—ODRC filed a copy of a transcript of the trial, which DRC has represented is a transcript from the first day of trial.[1]  Because ODRC filed its memorandum in opposition without leave (and thereby contravened this court's order), the court determines that ODRC's "Memorandum

---

[1](Notice of Filing of Trial Transcript filed on January 21, 2020.)  For the purpose of adjudicating Morris's objections, besides considering Morris's affidavit of evidence, the record, and admitted trial exhibits, the court has reviewed the transcript filed by DRC.

Contra To Plaintiff's Objections To The Decision Of The Magistrate" of January 21, 2020, should be stricken.

## II. Law and Analysis

### A. A trial court is required to conduct a de novo review of a magistrate's decision.

{¶5} Civ.R. 53(D)(3)(b) governs objections to a magistrate's decision. Civ.R. 53(D)(3)(b)(i) provides: "A party may file written objections to a magistrate's decision within fourteen days of the filing of the decision, whether or not the court has adopted the decision during that fourteen-day period as permitted by Civ.R. 53(D)(4)(e)(i). If any party timely files objections, any other party may also file objections not later than ten days after the first objections are filed. If a party makes a timely request for findings of fact and conclusions of law, the time for filing objections begins to run when the magistrate files a decision that includes findings of fact and conclusions of law." An objection to a magistrate's decision "shall be specific and state with particularity all grounds for objection." Civ.R. 53(D)(3)(b)(ii).

{¶6} If objections are filed to a magistrate's decision, this court is required to rule on the objections. Civ.R. 53(D)(4)(d). In ruling on objections, the court is required to "undertake an independent review as to the objected matters to ascertain that the magistrate has properly determined the factual issues and appropriately applied the law." *Accord Mayle v. Ohio Dept. of Rehab. & Correction*, 10th Dist. Franklin No. 09AP-541, 2010-Ohio-2774, ¶ 15 (trial court's standard of review of a magistrate's decision is de novo). A magistrate's decision "is not effective unless adopted by the court." Civ.R. 53(D)(4)(a). Pursuant to Civ.R. 53(D)(4)(b), whether or not objections are timely filed, a court "may adopt or reject a magistrate's decision in whole or in part, with or without modification. A court may hear a previously-referred matter, take additional evidence, or return a matter to a magistrate."

**B. ODRC is not liable for the intentional attack of one inmate by another, unless ODRC has adequate notice of an impending assault.**

{¶7} In *Literal v. Dept. of Rehab. & Correction*, 2016-Ohio-8536, 79 N.E.3d 1267 (10th Dist.), ¶ 15-16, the Tenth District Court of Appeals set forth the law that applies in cases of an intentional attack of one inmate by another inmate, stating:

> To prevail on a negligence claim, [a plaintiff] must establish that (1) DRC owed him a duty, (2) DRC breached that duty, and (3) DRC's breach proximately caused his injuries. *Briscoe v. Dept. of Rehab. & Corr.*, 10th Dist. No. 02AP-1109, 2003-Ohio-3533, ¶ 20, citing *Macklin v. Dept. of Rehab. & Corr.*, 10th Dist. No. 01AP-293, 2002-Ohio-5069. "In the context of a custodial relationship between the state and its inmates, the state owes a common-law duty of reasonable care and protection from unreasonable risks of physical harm." *McElfresh v. Dept. of Rehab. & Corr.*, 10th Dist. No. 04AP-177, 2004-Ohio-5545, ¶ 16, citing *Woods v. Dept. of Rehab. & Corr.*, 130 Ohio App. 3d 742, 744-45, 721 N.E.2d 143 (10th Dist.1998). "Reasonable care is that degree of caution and foresight an ordinarily prudent person would employ in similar circumstances." *McElfresh* at ¶ 16. The state's duty of reasonable care does not render it an insurer of inmate safety. *Williams v. S. Ohio Corr. Facility*, 67 Ohio App.3d 517, 526, 587 N.E.2d 870 (10th Dist.1990), citing *Clemets v. Heston*, 20 Ohio App.3d 132, 20 Ohio B. 166, 485 N.E.2d 287 (6th Dist.1985). "However, 'once [the state] becomes aware of a dangerous condition[,] it must take reasonable care to prevent injury to the inmate.'" *Watson v. Dept. of Rehab. & Corr.*, 10th Dist. No. 11AP-606, 2012-Ohio-1017, ¶ 8, quoting *Briscoe* at ¶ 20, citing *Williams v. Dept. of Rehab. & Corr.*, 61 Ohio Misc. 2d 699, 583 N.E.2d 1129 (1991).
>
> The law of this district with regard to DRC liability for an assault by one inmate on another has been established in a number of decisions of

this court including *Baker v. Dept. of Rehab. & Corr.*, 28 Ohio App. 3d 99, 28 Ohio B. 142, 502 N.E.2d 261 (10th Dist.1986); *Watson*; and *Allen v. Dept. of Rehab. & Corr.*, 10th Dist. No. 14AP-619, 2015-Ohio-383. * * * In *Watson*, this court reiterated the legal standard applicable to such claims as follows:

> The law is well-settled in Ohio that ODRC is not liable for the intentional attack of one inmate by another, unless ODRC has adequate notice of an impending assault. *Mitchell v. Ohio Dept. of Rehab. & Corr.*, 107 Ohio App. 3d 231, 235, 668 N.E.2d 538 (10th Dist.1995), citing *Baker v. State, Dept. of Rehab. & Corr.*, 28 Ohio App. 3d 99, 28 Ohio B. 142, 502 N.E.2d 261 (10th Dist.1986). Notice may be actual or constructive, the distinction being the manner in which the notice is obtained rather than the amount of information obtained. *Hughes v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 09AP-1052, 2010-Ohio-4736, ¶ 14. Actual notice exists where the information was personally communicated to or received by the party. *Id.* "Constructive notice is that notice which the law regards as sufficient to give notice and is regarded as a substitute for actual notice." *Id.*, citing *In Re Estate of Fahle*, 90 Ohio App. 195, 197, 105 N.E.2d 429 (6th Dist.1950).

*Id.* at ¶ 9. *See also Allen* at ¶ 18.

{¶8} Thus, applying the law as set forth in *Literal*, in this instance DRC is not liable for Torrez's intentional attack of Morris, unless DRC had adequate notice of an impending assault.

     **1.  First-Objection Issue: Whether the magistrate erred by failing to rule that Morris's status as a protective control inmate constitutes notice of danger of assault by general population inmates.**

{¶9} According to the affidavit of evidence submitted by Morris's counsel, at trial Morris admitted on cross-examination that, although certain corrections officers were present, he "did not tell them he was afraid of [Inmate] Torrez or that Torrez threatened him.  He did not use the kite system to notify the Defendant he was afraid or that he was threatened.  Morris said he never told anyone."  (Affidavit of Evidence, ¶ 32.)  And in the magistrate's decision, the magistrate stated: "Indeed, there is no evidence that DRC was ever aware that Torres threatened to harm plaintiff."  (Magistrate's Decision, 8.)

{¶10} Upon independent review, the court determines that the magistrate did not err by failing to find that Morris's status as a protective control inmate was sufficient to conclude that ODRC had adequate notice of an impending assault.  The court rejects Morris's proposition that an inmate's status as a protective control inmate, as a matter of law, constitutes adequate notice of an impending assault by another inmate.  Morris's first objection is not well-taken.

     **2.  Second-Objection Issue: Whether the magistrate erred in failing to find that due to the correctional officers' failure to follow accepted security practices based on administrative rules, policies, and general block orders, that DRC was negligent.**

     **Fourth-Objection Issue: Whether the magistrate erred when he failed to find that DRC was negligent in failing to observe the presence of a general population inmate standing in an open gate to the Jpay kiosk room.**

     **Fifth-Objection Issue:  Whether the magistrate erred in attributing the assault to a dispute between Morris and Inmate Torrez and whether the assault would not have occurred without DRC's correction officers' failure to enforce protective custody orders, and other rules of the institution.**

{¶11} Morris's second, fourth, and fifth objections raise issues of negligence and proximate cause.  To establish a cause of action for negligence, a plaintiff "must show

(1) the existence of a duty, (2) a breach of duty, and (3) an injury proximately resulting therefrom." *Armstrong v. Best Buy Co.*, 99 Ohio St.3d 79, 2003-Ohio-2573, 788 N.E.2d 1088, ¶ 8, citing *Menifee v. Ohio Welding Prod., Inc.* (1984), 15 Ohio St.3d 75, 77, 15 OBR 179, 472 N.E.2d 707. In *Jeffers v. Olexo*, 43 Ohio St.3d 140, 143-144, 539 N.E.2d 614 (1989), the Ohio Supreme Court discussed proximate cause, stating:

> "Proximate cause is a troublesome phrase. It has a particular meaning in the law but is difficult to define. It has been defined as: 'That which immediately precedes and produces the effect, as distinguished from a remote, mediate, or predisposing cause; that from which the fact might be expected to follow without the concurrence of any unusual circumstance; that without which the accident would not have happened, and from which the injury or a like injury might have been anticipated.' 65 C.J.S. § 103 Negligence pp. 1130-1131. * * *" *Corrigan v. E. W. Bohren Transport Co.* (C.A. 6, 1968), 408 F. 2d 301, 303.

> The rule of proximate cause "'requires that the injury sustained shall be the natural and probable consequence of the negligence alleged; that is, such consequence as under the surrounding circumstances of the particular case might, and should have been foreseen or anticipated by the wrongdoer as likely to follow his negligent act.'" *Ross v. Nutt* (1964), 177 Ohio St. 113, 114, 29 O.O. 2d 313, 314, 203 N.E. 2d 118, 120, quoting *Miller v. Baltimore & Ohio Southwestern RR. Co.* (1908), 78 Ohio St. 309, 325, 85 N.E. 499, 504. See, also, *Pendrey v. Barnes* (1985), 18 Ohio St. 3d 27, 18 OBR 23, 479 N.E. 2d 383; cf. *Strother v. Hutchinson* (1981), 67 Ohio St. 2d 282, 21 O.O. 3d 177, 423 N.E. 2d 467.

*Accord Black's Law Dictionary* 265 (10th Ed.2014) (defining proximate cause as a "cause that is legally sufficient to result in liability; an act or omission that is considered in law to result in a consequence, so that liability can be imposed on the actor").

{¶12} Prison regulations "are primarily designed to guide correctional officials in prison administration rather than to confer rights on inmates." *State ex rel. Larkins v. Wilkinson*, 79 Ohio St.3d 477, 479, 683 N.E.2d 1139 (1997). Violations of internal rules and policies, however, may be used to support a claim of negligence. *Triplett v. Warren Corr. Inst.*, 10th Dist. Franklin No. 12AP-728, 2013-Ohio-2743, ¶ 10. But, even if DRC corrections officers acted negligently, as Morris contends, negligence is without legal consequence unless DRC's purported negligence is a proximate cause of an injury. *See Whiting v. State Dept. of Mental Health*, 141 Ohio App.3d 198, 202, 750 N.E.2d 644 (10th Dist.2001). Because in this instance DRC lacked adequate notice of an impending assault, a requirement for the imposition of liability on DRC for the intentional attack of Morris by Inmate Torrez, *see Literal* at ¶ 16, a legally sufficient cause is lacking to result in a consequence that liability should be imposed on DRC. Morris's second, fourth, and fifth objections are not well-taken.

### 3. <u>Third-Objection Issue</u>: Whether the magistrate erred in finding that Morris was not credible.

{¶13} In *Siegel v. Univ. of Cincinnati College of Medicine*, 2015-Ohio-441, 28 N.E.3d 612, ¶ 12 (10th Dist.), the Tenth District Court of Appeals stated: "'Although the trial court may appropriately give weight to the magistrate's assessment of witness credibility in view of the magistrate's firsthand exposure to the evidence, the trial court must still independently assess the evidence and reach its own conclusions.' *Sweeney v. Sweeney*, 10th Dist. No. 06AP-251, 2006-Ohio-6988, ¶ 15, citing *DeSantis v. Soller*, 70 Ohio App.3d 226, 233, 590 N.E.2d 886 (10th Dist.1990)." Thus, provided that this court independently assess the evidence and reach its own conclusions, it is wholly proper for the court to give weight to the magistrate's assessment of the credibility of the testimony of the parties' witnesses and other evidence before the court. In this case, the magistrate was in a position to view the witnesses, observe the demeanor of the witnesses, gestures of the witnesses, and the voice inflections of the witnesses. *See*

*Hill v. Briggs*, 111 Ohio App.3d 405, 411-412, 676 N.E.2d 547 (10th Dist.1996) (choice between credible witnesses and conflicting testimony rests solely with a finder of fact and a fact finder is free to believe all, part, or none of the testimony of each witness).

{¶14} To support a finding that the Morris's testimony lacked credibility, the magistrate stated: "The video shows plaintiff, who had a razor in his right hand, moving his hand from side to side, right where two straight line cuts are found on his head. Plaintiff had no explanation for the cuts he received to his head and was unable to provide an explanation for why he swiped the razor after the incident. The swipe is also visible on the video. The magistrate cannot think of any legitimate reason why plaintiff would use the razor on himself and is forced to conclude that that plaintiff's testimony thus lacks credibility." (Magistrate's Decision, 9.)

{¶15} Upon de novo review of the evidence, the court concludes that Morris's third objection, which challenges the magistrate's credibility determination, should be overruled.

4. **Sixth-Objection Issue: Whether the magistrate's findings regarding the security video (Exhibit B) are justified.**

The magistrate described the security video as follows:

Defendant also submitted video of the attack. The video shows plaintiff being escorted to the kiosk where his hands are uncuffed and his legs are shackled to the stool. Two corrections officers and Torres are present in the area. Another inmate is escorted out of the area by one of the corrections officers. The corrections officer who escorted plaintiff to the kiosk turns way from plaintiff and moves toward his desk, which is located on the opposite side of a partition separating it from the kiosk. Immediately thereafter, Torres, who was waiting by the wall several feet away, approaches quickly and appears to strike plaintiff in the side of the head. Plaintiff falls to the ground and Torres continues to attempt to

punch him. Plaintiff's right hand moves to his face and it appears plaintiff is gripping an object with his right hand; at no point does it appear that plaintiff is attempting to use the object to harm Torres or to defend himself. Rather, the video shows plaintiff moving his right hand back and forth along his head right where it was later observed that he had two straight-line cuts. Finally, the video shows plaintiff transfer the object to his left hand where he subsequently swipes the object away. The attack lasts approximately five seconds. Plaintiff continues to move on the ground following the attack. [TPU Escort Officer] Wallace was within a few feet of plaintiff during the entire incident.

(Magistrate's Decision, 6-7.)

{¶16} Morris contends that the video shows Torrez continuing to punch Morris in the head and body, that it is impossible to determine, what, if anything, Morris had in his hand or what he did with it, that Wallace acted promptly to stop the assault, and that it is impossible to conclude that a razorblade caused the two lines on Morris's forehead or that Morris had the razorblade after he was struck and fell to the floor.

{¶17} Upon independent review of the video, the court finds that Morris's claims are not wholly without merit. While the video does not clearly show what, if anything, Morris had in hand or Morris cutting his forehead with a razor blade, the video does show Morris's hand engaged in a sweeping motion after the altercation, almost as if Morris was swiping away an object. More importantly, however, the video does not show that DRC had adequate notice of an impending assault by Torrez. Indeed, the video shows Torrez quickly charging Morris when a corrections officer turned away from Morris, thereby supporting a view that corrections officers did not have notice of Torrez's impending assault.

{¶18} Morris's sixth objection is not well-taken.

**5.  Seventh-Objection Issue: Whether the magistrate's decision is contrary to law and against the manifest weight of the evidence.**

{¶19} In *State v. Thompkins*, 78 Ohio St.3d 380, 387, 678 N.E.2d 541 (1997), discussing the concept of weight of the evidence, the Ohio Supreme Court stated: "Weight of the evidence concerns 'the inclination of the *greater amount of credible evidence,* offered in a trial, to support one side of the issue rather than the other.  It indicates clearly to the jury that the party having the burden of proof will be entitled to their verdict, if, on weighing the evidence in their minds, they shall find the *greater amount of credible evidence* sustains the issue which is to be established before them. Weight is not a question of mathematics, but depends on its effect *in inducing belief.*' (Emphasis added.) Black's, supra, at 1594."   *Thompkins* further states that, when an appellate court reverses a trial court's judgment on the basis that a verdict is against the manifest weight of the evidence, the appellate court

> sits as a "'thirteenth juror'" and disagrees with the factfinder's resolution of the conflicting testimony. *Tibbs*, 457 U.S. at 42, 102 S. Ct. at 2218, 72 L. Ed. 2d at 661. See, also, *State v. Martin* (1983), 20 Ohio App. 3d 172, 175, 20 Ohio B. Rep. 215, 219, 485 N.E.2d 717, 720-721 ("The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction.").

*Thompkins* at 387.   Since the Ohio Supreme Court issued *Thompkins*, the Ohio Supreme Court has recognized that the *Thompson* standard of review for manifest weight of the evidence applies in civil cases.  *Eastley v. Volkman*, 132 Ohio St.3d 328, 2012-Ohio-2179, 972 N.E.2d 517, ¶ 17-23.

{¶20} Upon independent review, the court concludes that the magistrate's statement that "[i]nasmuch as plaintiff failed to establish that defendant had adequate notice of an impending attack, plaintiff's claim fails" is not contrary to law. Moreover, the court cannot conclude that the magistrate lost his way and created such a manifest miscarriage of justice so that a recommendation of judgment in favor of DRC should not be followed.

{¶21} Morris's seventh objection is not well-taken.

## III. Conclusion

{¶22} For reasons set forth above, the court concludes that ODRC's memorandum in opposition filed on January 21, 2020, should be stricken and that all of Morris's objections to the magistrate's decision of October 24, 2019, should be overruled.

PATRICK M. MCGRATH
Judge

[Cite as *Morris v. Dept. of Rehab. & Corr.*, 2020-Ohio-612.]

| | |
|---|---|
| KRISTOFFER MORRIS | Case No. 2018-00492JD |
| Plaintiff | Judge Patrick M. McGrath<br>Magistrate Gary Peterson |
| v. | |
| | <u>JUDGMENT ENTRY</u> |
| DEPARTMENT OF REHABILITATION<br>AND CORRECTION | |
| Defendant | |

{¶23} For reasons set forth in the decision filed concurrently herewith, the court sua sponte STRIKES defendant's memorandum in opposition of January 21, 2020, and OVERRULES plaintiff's objections to a magistrate's decision of October 24, 2019. Because the magistrate has properly applied the law to the facts of the case, the court adopts the magistrate's decision and recommendations as its own. Judgment is rendered in favor of defendant. Court costs are assessed against plaintiff. The clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

PATRICK M. MCGRATH
Judge

Filed January 30, 2020
Sent to S.C. Reporter 2/21/20