[Cite as *Erickson v. Ohio Dept. of Rehab. & Corr.*, 2017-Ohio-1572.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Christopher S. Erickson, | : | |
| Plaintiff-Appellant, | : | |
| v. | : | No. 16AP-74 |
| | | (Ct. of Cl. No. 2010-7962) |
| | : | |
| Ohio Department of Rehabilitation | | (REGULAR CALENDAR) |
| and Correction, | : | |
| Defendant-Appellee. | : | |

---

D E C I S I O N

Rendered on April 27, 2017

---

**On brief:** *Michael Drain, Jr.,* for plaintiff-appellant. **Argued:** *Michael Drain, Jr.*

**On brief:** *Michael DeWine*, Attorney General, *Daniel R. Forsythe,* and *Anne Berry Strait,* for defendant-appellee. **Argued:** *Daniel R. Forsythe.*

---

APPEAL from the Court of Claims of Ohio

BRUNNER, J.

{¶ 1} Plaintiff-appellant, Christopher S. Erickson, appeals the judgment of the Court of Claims of Ohio, which adopted its magistrate's decision granting summary judgment pursuant to Civ.R. 56(C) to defendant-appellee, Ohio Department of Rehabilitation and Correction ("ODRC"). For the following reasons, we affirm.

I. FACTS AND PROCEDURAL BACKGROUND

{¶ 2} Erickson was an inmate in ODRC's custody when he underwent a dental procedure in February 2008. Erickson claims he developed a seizure disorder as a result of complications following that dental procedure and was subsequently prescribed anti-

seizure medication.  On June 13, 2008, ODRC transferred him to Marion Correctional Institution ("Marion").  On June 15, 2008, Erickson suffered a grand mal seizure, which he alleges occurred because ODRC negligently failed to provide him with his prescribed anti-seizure medication upon his transfer to Marion two days earlier.

{¶ 3}   On June 7, 2010, Erickson filed a complaint in the Court of Claims against the Ohio State University Medical Center ("OSUMC"), which provides medical services for ODRC, and against ODRC, itself, alleging negligence.  OSUMC and ODRC moved to dismiss on the ground that Erickson's complaint asserted a medical claim that was barred by a one-year statute of limitations.  On January 11, 2011, the Court of Claims dismissed OSUMC as a party, finding claims against it were barred by the one-year statute of limitations on medical claims.  The trial court denied ODRC's motion to dismiss, finding that ODRC was subject to a negligence claim with a two-year statute of limitations, rather than a medical claim with a one-year statute of limitations.  Because Erickson was litigating against medical providers in the Ashtabula County Court of Common Pleas, the Court of Claims stayed the case from March 14, 2011 until November 21, 2014, at which time the court vacated the stay and ordered the case set for trial.

{¶ 4}   On January 16, 2015, the Court of Claims' magistrate issued an order establishing discovery and motion deadlines.  The order required Erickson to furnish ODRC with the names and reports of his expert witnesses by June 5, 2015, and ODRC was required to furnish Erickson the names and reports of its expert witnesses by July 17, 2015, one month later.  The order provided that no discovery was permitted after October 23, 2015 without leave of court, and set November 6, 2015 as the dispositive motion deadline.

{¶ 5}   Erickson had not provided the name of any expert witness and/or expert report by his June 5, 2015 disclosure of experts deadline.

{¶ 6}   On June 17, 2015, ODRC filed a motion requesting additional time to file its expert witness disclosure, stating that it could not conduct a proper expert review until it received additional documents and records from Erickson.  Erickson's counsel had no objection to ODRC's motion.  On July 1, 2015, the magistrate issued an order extending ODRC's expert witness disclosure deadline by 60 days.

{¶ 7} On September 1, 2015, ODRC sought an order compelling Erickson to produce documents and/or provide responses to specifically identified discovery requests. On October 22, 2015, the magistrate granted ODRC's motion and ordered Erickson to complete the discovery requests within 14 days. ODRC alleged that Erickson had failed to comply with the magistrate's order as of the time ODRC filed its motion for summary judgment on November 6, 2015.

{¶ 8} On September 8, 2015, ODRC timely filed its expert witness disclosure, including the names and reports of two expert witnesses: Joseph P. Hanna, M.D., a board-certified neurologist with 25 years of experience (neurology), and Michael A. Zemaitis, Ph.D., Professor of Pharmaceutical Science (pharmacology). Dr. Hanna stated in his report dated July 29, 2015 that he had reviewed Erickson's records provided by ODRC and was able to conclude with a relatively high degree of medical certainty that Erickson's seizures that occurred on June 15, 2008 were the result of multiple factors predating the February 2008 dental procedure, including a scar on his brain, "that make seizure occurrence in him unpredictable." (Sept. 8, 2015 Def.'s Expert Disclosure, Report of Dr. Hanna.) Dr. Hanna stated that Erickson "did not suffer any sequela from his seizures of June 15, 2008." *Id.* Dr. Hanna concluded that "any change in [Erickson's] seizures along with the morbidity or mortality that they incur are unrelated to the events of June 2008." *Id.*

{¶ 9} On November 6, 2015, ODRC filed a motion for summary judgment pursuant to Civ.R. 56(C). ODRC presented two arguments in support of its motion. First, it renewed its contention that Erickson's claim was barred by the one-year statute of limitations for "medical claims." (Nov. 16, 2015 Def.'s Motion for Summ. Jgmt. at 3.) Second, it argued that Erickson could not prevail on the negligence claim because he could not prove the element of causation for the June 15, 2008 seizure. ODRC argued that Erickson "has failed to provide an expert report supporting his claims as required by Local Rule 7(E) and as ordered by this court. Without an expert witness, Mr. Erickson will not be able to sustain his burden of proof." *Id.* at 1.

{¶ 10} ODRC attached to its motion for summary judgment Dr. Hanna's affidavit averring that he had reviewed Erickson's complaint and medical records for the period of 2008 to 2012 from ODRC, OSUMC, and other medical care providers. Through his

affidavit, and consistent with Civ.R. 56, Dr. Hanna authenticated a copy of his expert report dated July 29, 2015. ODRC argued that because there are several possible causes of Erickson's seizures, and Erickson cannot prove the probable cause, Erickson cannot meet his burden of proof. ODRC asserted that there were no issues of material fact and that it was entitled to summary judgment as a matter of law.

{¶ 11} Erickson did not respond to ODRC's motion for summary judgment. He did file a motion for leave to file plaintiff's disclosure of expert report instanter on November 9, 2015, nearly five months after his expert witness disclosure deadline. Attached to the motion was the report of John Sullivan, M.D., which Erickson claimed rebutted the reports of ODRC's two expert witnesses. Dr. Sullivan's report was not authenticated pursuant to Civ.R. 56(E).

{¶ 12} On November 10, 2015, ODRC additionally filed a motion to dismiss Erickson's complaint for failure to comply with the magistrate's October 22, 2015 order compelling Erickson to produce documents within 14 days. And on November 12, 2015, ODRC filed a memorandum contra plaintiff's motion for leave to file late expert report, arguing that Erickson had failed to provide a reasonable justification for providing his expert report five months past his expert disclosure deadline and two weeks past the discovery cutoff. ODRC noted that Erickson had never responded to the court's order compelling him to complete specific outstanding discovery requests, including a request for records from Dr. Sullivan. Further, ODRC contended that Erickson's counsel had misquoted material portions of Dr. Sullivan's report.

{¶ 13} On December 29, 2015, the Court of Claims granted ODRC's motion for summary judgment. The judgment entry noted that Erickson had not filed a response to the motion, but filed a motion on November 13, 2015 requesting an extension of time to furnish ODRC with a report from an expert witness and providing a copy of the proposed report. The Court of Claims did not find Erickson's motion well-taken, given that it had been filed "well after the deadline expired and without explanation, much less a showing of excusable neglect as required under Civ.R. 6(B)(2)." (Dec. 29, 2015 Entry at 5.) Moreover, the Court of Claims was not persuaded that granting the extension of time to furnish the expert report would enable Erickson to satisfy his burden under Civ.R. 56.

The judgment entry also denied all other pending motions as moot and vacated all previously scheduled events.

{¶ 14} On January 22, 2016, Erickson filed a motion for reconsideration of summary judgment. Attached to the motion for reconsideration was Dr. Sullivan's affidavit authenticating his report filed November 13, 2014. The Court of Claims denied this motion as moot on January 26, 2016.

{¶ 15} Erickson then filed his appeal with this Court.

## II. ASSIGNMENTS OF ERROR

{¶ 16} Erickson presents two assignments of error for our review:

> [1.] The trial court abused its discretion and committed prejudicial error by failing to give consideration to Appellant's expert report challenging the expert opinion of Appellee's expert.

> [2.] The trial court committed prejudicial error by entering summary judgment in favor of Appellee.

## III. DISCUSSION

### A. Standard of review

{¶ 17} Erickson's complaint was resolved by summary judgment of the Court of Claims after orders were entered governing discovery between the parties.

> Appellate review of summary judgment motions is de novo. *Helton v. Scioto Cty. Bd. of Commrs.* (1997), 123 Ohio App. 3d 158, 162, 703 N.E.2d 841. When reviewing a trial court's decision granting summary judgment, we conduct an independent review of the record, and the appellate court "stands in the shoes of the trial court." *Mergenthal v. Star Banc Corp.* (1997), 122 Ohio App. 3d 100, 103, 701 N.E.2d 383.

*Rose v. Ohio Dept. of Rehab. & Corr.*, 173 Ohio App.3d 767, 2007-Ohio-6184, ¶ 18 (10th Dist.).

{¶ 18} Thus, when reviewing an appeal of an order granting a motion for summary judgment, this Court uses the same standard of review as the trial court. *Freeman v. Brooks*, 154 Ohio App.3d 371, 2003-Ohio-4814, ¶ 6 (10th Dist.), citing *Maust v. Bank One of Columbus, N.A.*, 83 Ohio App.3d 103, 107 (10th Dist.1992), *jurisdictional motion overruled*, 66 Ohio St.3d 1488 (1993).

{¶ 19} Civ.R. 56(C) requires that:

> Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Civ.R. 56 has been described as a means to facilitate the early assessment of the merits of claims, to foster pre-trial dismissal of meritless claims, and to define and narrow issues for trial.  *Telecom Acquisition Corp. I v. Lucic Ents.*, 8th Dist. No. 102119, 2016-Ohio-1466, ¶ 92.  *See also Kulch v. Structural Fibers, Inc.*, 78 Ohio St.3d 134, 170 (1997) (Cook, J., concurring in part and dissenting in part).  As such, summary judgment is a procedural device designed to promote judicial economy and to avoid needless trials.

> The goal of a motion for summary judgment is to narrow the issues in a case to determine which, if any, should go to trial. "The purpose of summary judgment is not to try issues of fact, but is, rather, to determine whether triable issues of fact exist." *State ex rel. Anderson v. The Village of Obetz*, 10th Dist. No. 06AP-1030, 2008-Ohio-4064, ¶ 64, quoting *Lakota Local School Dist. Bd. of Edn. v. Brickner*, 108 Ohio App.3d 637, 643, 671 N.E.2d 578 (1996) (citations omitted.)

*Thevenin v. White Castle Mgmt. Co.*, 10th Dist. No. 15AP-204, 2016-Ohio-1235, ¶ 45 (concurring opinion).  Thus, a party seeking summary judgment on the grounds that a nonmoving party cannot prove its case bears the initial burden of informing the trial court of the basis for the motion and must identify those parts of the record which demonstrate the absence of a genuine issue of material fact on the elements of the nonmoving party's claims.  *Drescher v. Burt*, 75 Ohio St.3d 280, 292-93 (1996).

{¶ 20} If the moving party has satisfied its initial burden, the burden shifts to the nonmoving party to set forth specific facts showing there is a genuine issue for trial.  If the nonmoving party does not respond, summary judgment, if otherwise appropriate, shall be entered against the nonmoving party.  *Id.*  The nonmoving party may not rest on the mere allegations or denials of his or her pleadings, but must respond with specific facts showing there is a genuine issue for trial.  Civ.R. 56(E); *Drescher* at 293.

{¶ 21} As with summary judgment, discovery is also a process whereby issues are narrowed for trial.  *See, e.g., Tucker v. Cleveland Bd. of Edn.*, 8th Dist. No. 43889 (Jan. 10, 1983).  Trial court discovery orders allow the trial court to facilitate discovery "to

narrow the issues prior to trial, so that the trial itself would not become the primary vehicle for discovery." *Id.*

{¶ 22} And it is not an abuse of discretion for a trial court to rule on the merits of motions for partial summary judgment in the absence of requested discovery, even when the trial court in its discretion has denied further discovery. *See Bank of Am. NA v. Omega Design/Build Group, LLC*, 1st Dist. No. C-100018, 2011-Ohio-1650, ¶ 10, 42. For instance, Civ.R. 56(F) provides that when a party cannot for sufficient reasons stated by affidavit present facts essential to justify the party's opposition to summary judgment, the trial court may deny summary judgment or order a continuance to permit discovery. Erickson provided no affidavit pursuant to Civ.R. 56(F) to the Court of Claims. Even if he had, whether to grant him additional time or discovery was within the Court of Claims' sound discretion. *Id.* at ¶ 40.

{¶ 23} An appellate court must review a trial court's disposition of discovery issues according to whether the trial court abused its discretion. *Carpenter v. Reis*, 109 Ohio App.3d 499, 507 (6th Dist.1996), citing *Toney v. Berkemer*, 6 Ohio St.3d 455 (1983). "A trial court's decision on discovery issues is within its broad discretion, and the decision will not be reversed absent an abuse of such discretion." *Safelite Glass Corp. v. Kagy*, 10th Dist. No. 99AP-875 (June 1, 2000). When reviewing a trial court's discovery decisions, for a court of appeals to reverse a trial court decision it must find more than an error of judgment, but rather a decision that connotes that it is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). A decision that is unreasonable is one that has no sound reasoning process to support it. *Griffin v. Dept. of Rehab. & Corr.*, 10th Dist. No. 05AP-858, 2006-Ohio-5206, ¶ 5. A reviewing court applying the abuse of discretion standard may not otherwise substitute its judgment for that of the trial court. *Berk v. Matthew*, 53 Ohio St.3d 161, 169 (1990).

## B. First Assignment of Error

{¶ 24} Erickson argues that the trial court abused its discretion and committed prejudicial error by failing to give consideration to his expert report challenging the expert opinion of ODRC's expert. Erickson contends that Dr. Sullivan's report attached to Erickson's motion for leave to file plaintiff's disclosure of expert report instanter put into issue a genuine issue of material fact such that it contradicted Dr. Hanna's report.

{¶ 25}  Having independently reviewed the record, we find that the Court of Claims did not commit prejudicial error by excluding Dr. Sullivan's report.  Erickson failed to respond to discovery requests in a timely manner and failed to meet the Court of Claims' expert disclosure deadline.  And unlike a party defending summary judgment such as in the *Omega Design/Build Group, LLC* litigation, Erickson did neither (1) respond to ODRC's November 6, 2015 motion for summary judgment, nor (2) ask for additional time to respond to the motion via an affidavit pursuant to Civ.R. 56(F).  The Court of Claims found that Erickson's motion to extend the deadline for furnishing an expert witness report was filed "well after the deadline expired and without explanation, much less a showing of excusable neglect as required under Civ.R. 6(B)(2). On that basis alone, the motion is not well taken."  (Dec. 29, 2015 Entry at 5.)

{¶ 26}  The Court of Claims went further, explaining why granting an extension of time to furnish Dr. Sullivan's report was immaterial because Erickson had failed to present Civ.R. 56 evidence to controvert Dr. Hanna's averments:

> The report by Dr. Sullivan that is attached to [Erickson's] motion is not authenticated by affidavit and cannot be considered by the court in connection with the motion for summary judgment. Moreover, Dr. Sullivan does not express an opinion that the seizure and any related harm was more likely than not caused by the alleged missed dose or doses of anti-seizure medication, which, similar to Dr. Hanna, Dr. Sullivan identifies as merely a possible cause.
>
> Accordingly, based upon the uncontroverted evidence presented by [ODRC], reasonable minds can only conclude that [Erickson] is unable to prove the causation element of his negligence claim.

(Dec. 29, 2015 Entry at 5-6.)

{¶ 27}  We find the Court of Claims' decision to be reasonable and supported by sound reasoning.  Consequently, we overrule Erickson's first assignment of error.

## C. Second Assignment of Error

{¶ 28}  Based on our review of the record, we find that the Court of Claims did not err by granting summary judgment in favor of ODRC.  The Court held that causation is a necessary element in order for Erickson to be granted relief, citing *Menifee v. Ohio Welding Prods., Inc.*, 15 Ohio St.3d 75, 77 (1984) and *Cromer v. Children's Hosp. Med. Ctr. of Akron*, 142 Ohio St.3d 257, 2015-Ohio-229, ¶ 23.  More specifically, Erickson

needed to establish "that he was caused to suffer a seizure and related harm resulting from [ODRC's] alleged failure to provide him one or more doses of anti-seizure medication." (Dec. 29, 2015 Entry at 4.) The Court of Claims found that ODRC had presented appropriate Civ.R. 56 evidence demonstrating that Erickson could not establish the necessary element of causation, and "therefore satisfied its initial burden in moving for summary judgment." (Dec. 29, 2015 Entry at 5.) The burden then shifted to Erickson pursuant to Civ.R. 56(E) to "set forth specific facts showing that there is a genuine issue for trial."

{¶ 29} Erickson did not, however, respond to the motion for summary judgment. In the absence of expert testimony, Erickson cannot prove the probable cause of his seizures and thus cannot meet his burden of proof. *Fritch v. Univ. of Toledo College of Medicine*, 10th Dist. No. 11AP-103, 2011-Ohio-4518, ¶ 22-23; *see also Clifton v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 06AP-677, 2007-Ohio-3791, ¶ 25. There being no genuine issue for trial, summary judgment is appropriate. Consequently, we find that the Court of Claims did not commit prejudicial error by entering summary judgment against Erickson in accordance with Civ.R. 56(E). Erickson's second assignment of error is overruled.

## IV.  CONCLUSION

{¶ 30} Based on the foregoing, we overrule both of Erickson's assignments of error and affirm the judgment of the Court of Claims of Ohio.

*Judgment affirmed.*

TYACK, P.J., and LUPER SCHUSTER, J., concur.

_____