[Cite as *Moore v. Ohio Dept. of Rehab. & Corr.*, 2024-Ohio-1971.]

# IN THE COURT OF CLAIMS OF OHIO

| | |
|---|---|
| BENJAMIN R. MOORE<br><br>    Plaintiff<br><br>    v.<br><br>OHIO DEPARTMENT OF<br>REHABILITATION AND CORRECTION<br><br>    Defendant | Case No. 2022-00320JD<br><br>Judge Lisa L. Sadler<br>Magistrate Robert Van Schoyck<br><br><u>JUDGMENT ENTRY</u> |

**{¶1}** Pursuant to Civ.R. 53(D)(3)(b), Plaintiff filed objections to the magistrate's March 1, 2024 decision.  Defendant did not respond.  For the reasons set forth below, the Court OVERRULES Plaintiff's objections and adopts the magistrate's decisions as its own.

**Standard of Review**

**{¶2}** Civ.R. 53(D)(4)(b) provides that, "[w]hether or not objections are timely filed, a court may adopt or reject a magistrate's decision in whole or in part, with or without modification."  However, when a party files objections to a magistrate's decision, the court "shall undertake an independent review as to the objected matters to ascertain that the magistrate has properly determined the factual issues, and appropriately applied the law."  Civ.R. 53(D)(4)(d).  In reviewing the objections, the court does not act as an appellate court but rather conducts "a de novo review of the facts and conclusions in the magistrate's decision."  *Ramsey v. Ramsey*, 10th Dist. Franklin No. 13AP-840, 2014-Ohio-1921, ¶ 17 (internal citations omitted).

**Relevant Background**

**{¶3}** Plaintiff is a former inmate in the custody and control of Defendant at Belmont Correctional Institution (BCI).  On the evening of May 27, 2019, Plaintiff got into an altercation with another inmate, Steven Toby, during which Plaintiff punched Toby in the

face.  Later that evening, Plaintiff and Toby resolved their dispute and Plaintiff went to sleep not expecting that Toby would try to harm him.  At no time did Plaintiff notify Defendant about his altercation with Toby, communicate any fear of retaliatory attack, or otherwise convey any concern for his safety to prison staff.

{¶4} At 4:46 a.m. on May 28, 2019, Plaintiff woke up to Toby pouring hot water on him after which Toby began punching Plaintiff.  After the attack, Plaintiff showered in the bathroom and subsequently went to the officers' station to summon medical attention.  Defendant summoned medical personnel to care for Plaintiff.  Plaintiff was burned on the face, arms, back, chest, and shoulders for which he spent three weeks at The Ohio State University Medical Wexner Center for treatment.

{¶5} Plaintiff filed this negligence action against Defendant for his injuries.  The case proceeded to trial before a magistrate.  Based on the evidence presented at trial, the magistrate found that Plaintiff did not prove that Defendant had actual or constructive notice that Toby would attack Plaintiff.  Accordingly, the magistrate recommended judgment in favor of Defendant.  Thereafter, Plaintiff timely filed objections.

**Discussion**

{¶6} Initially, the Court notes that Plaintiff's objections in large part challenge the magistrate's recitation of the evidence.  While a summary of evidence is fundamentally distinct from specific findings of fact, the Court finds that the magistrate's decision complies with Civ.R. 53.  *See Slosser v. Supance,* 10th Dist. Franklin No. 20AP-15, 2021-Ohio-319, ¶ 14 ("[I]f a review of the magistrate's decision recites the facts and legal conclusions and, when considered with the rest of the record, the decision forms an adequate basis to decide the issues on appeal, it substantially complies with Civ.R. 53.").  Regardless, any factual objections must be supported "by a transcript of all the evidence submitted to the magistrate relevant to that finding or an affidavit of that evidence if the transcript is not available."  Civ.R. 53(D)(3)(b)(ii)-(iii).

{¶7} Here, Plaintiff did not provide a transcript of all the relevant evidence or an affidavit of evidence.  Because Plaintiff failed to properly support his factual objections, "the trial court must accept the magistrate's factual findings and limit its review to the magistrate's legal conclusions."  *Triplett v. Warren Corr. Inst.*, 10th Dist. Franklin No.

12AP-728, 2013-Ohio-2743, ¶ 13.  Consequently, the Court accepts the magistrate's findings of fact as true and restricts its consideration of Plaintiff's objections to a review of the magistrate's legal conclusions.

{¶8} Regarding the magistrate's negligence analysis, Plaintiff argues that the magistrate erred by failing to consider R.C. 2921.44(C).  However, R.C. 2921.44(C) is a criminal statute pertaining to the misdemeanor offense of dereliction of duty and the court of claims does not have jurisdiction to determine defendant's civil liability for violation of the statute.  *Peters v. Dept. of Rehab. & Corr.*, 10th Dist. Franklin No. 14AP-1048, 2015-Ohio-2668, ¶ 12, citing *Allen v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. Franklin No. 14AP-619, 2015-Ohio-383, ¶ 15.  Accordingly, the Court OVERRULES Plaintiff's objection.

{¶9} Additionally, Plaintiff argues that Defendant had actual and constructive notice of the impending attack because prison staff had the ability to review security footage of Toby and Plaintiff's altercation and placed them in segregation thereby preventing the subsequent attack.  Alternatively, Plaintiff argues that prison staff should have suspected nefarious behavior when the microwave was being used at 4:45 a.m., and a corrections officer (CO) should have looked out of the prison staff office upon hearing the microwave.  Plaintiff contends that if the COs had done this, then they would have seen Toby exiting the kitchenette with the bowl of water and could have prevented the attack by inquiring about it.

{¶10} However, the magistrate found that Plaintiff did not show that the altercation was captured on any surveillance video or that any prison staff saw or should have seen any such video.  Moreover, the magistrate found that

> Plaintiff's testimony that Toby had no reason to be microwaving water at 4:45 a.m. was conclusory and again is outweighed by CO Neavin's credible testimony that Toby was allowed to use the kitchenette and that inmates commonly obtained heated water there, whether from the microwave or hot water tap, for preparing beverages or food.  It was not shown that either officer violated any institutional policy, procedure, or post order.

Accepting the magistrate's findings of fact as true, as required, the Court finds that Plaintiff failed to prove that "Toby's conduct should have raised suspicion of an impending attack

and prompted either officer to intervene." Upon independent review, the Court finds no error in the magistrate's negligence analysis. Accordingly, the Court OVERRULES Plaintiff's objection.

**Conclusion**

{¶11} Upon independent review, the Court finds that the magistrate properly determined the factual issues and appropriately applied the law. The Court adopts the magistrate's decision and recommendation as its own. The Court OVERRULES Plaintiff's objections. Judgment is rendered in favor of Defendant. Court costs are assessed against Plaintiff. The clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

LISA L. SADLER
Judge

**Filed April 29, 2024**
**Sent to S.C. Reporter 5/22/24**